UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| HOUSTON PLATE PROCESSING, | § § | Case No. 17-30603 |
| Debtor. | § § § | (Chapter 11) |

**SUPPLEMENTAL OBJECTION TO
PLAN OF REORGANIZATION AND CONFIRMATION**

Creditor, Colonial Funding Network, Inc., as service provider for Midtown Funding, LLC ("Colonial"), objects to Houston Plate Processing's (the "Debtor") Plan of Reorganization ("Plan") [Dkt. No. 64] and the related Disclosure Statement (the "Disclosure Statement") [Dkt 65]. This Supplemental Objection supplements Colonial's original objection to the Plan [Dkt. 75] and in further support of its objection Colonial states:

1. Creditor is a secured creditor of the Debtor. The Debtors Disclosure statement confirms this and lists Colonial as a secured creditor. See Disclosure Statement, Exhibit C. The Plan is patently unconformable because it fails to classify Colonial's secured claim or provide any treatment for Colonial's claim.

2. Section 1123 of the Bankruptcy Code provides in relevant part that a "plan shall designate, subject to section 1122 of this title, classes of claim . . . " 11 U.S.C. 1123. Section 1122 provides in relevant part: "… a plan may place a claim or an interest in a particular class *only if* such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. § 1122(a) (emphasis added).

3. The Fifth Circuit has defined "substantially similar claims" as "those which share common priority and rights against the debtor's estate. *Matter of Greystone III Joint Venture*, 995 F.2d 1274, 1278 (5th Cir. 1991), *on reh'g* (Feb. 27, 1992). Secured creditors

cannot be classified with general unsecured creditors and secured creditors with liens on different collateral or of different priority on the same collateral are separately classified. *See In re Couture Hotel Corp.*, 536 B.R. 712, 734 (Bankr. N.D. Tex. 2015). "Secured creditors can, and usually must, be classified separately because each creditor has unique collateral." *In re Cypresswood Land Partners*, I, 409 B.R. 396, 435 (Bankr. S.D. Tex. 2009). Indeed, classification generally turns on the legal character of the claim as it relates to the debtor's assets.

4. Although section 1122(a) provides the debtor with discretion in classifying claims, it expressly provides that claims that are not "substantially similar" may not be placed in the same class. Colonial has a secured claim on substantially all of the Debtor's personal property. The Plan neither classifies this secured claim nor provides a treatment for this secured claim. The Plan fails to meet the classification requirements in Sections 1122 and 1123.

5. Because the Disclosure Statement does not provide a classification or a treatment of the Colonial claim, the Disclosure Statement does not contain "adequate information" as required under Section 1125(b) of the Bankruptcy Code. Neither Colonial nor any party in interest can make an informed judgement on whether to accept or reject the Plan or evaluate the feasibility of the Plan without knowing how Colonial is going to be treated upon confirmation. The Disclosure Statement does not contain adequate information and should not be approved.

6. Colonial reserves the right to assert further objections to the Plan and Disclosure Statement.

Dated: November 3, 2017

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
909 Fannin, 37th Floor
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Counsel for Colonial Funding Network, Inc.*
*As Servicing Provider for Midtown Funding, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2017, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case and emailed a copy to Debtor's counsel at margaret@mmmcclurelaw.com.

*/s/ Charles M. Rubio*
Charles M. Rubio