**UNITED STATES BANKRUPTCY COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **BANKRUPTCY CASE NO.** |
| | § | |
| **HOUSTON PLATE PROCESSING, INC.** | § | **17-30603-H5-11** |
| | § | |
| **DEBTOR** | § | **Chapter 11** |

**DEBTOR'S (CORRECTED) AMENDED DISCLOSURE STATEMENT**
**(to only correct Working Ox treatment)**

I.    **INTRODUCTION**

This is the disclosure statement (the "Disclosure Statement") in the chapter 11 case of Houston Plate Processing, Inc. (the Debtor). This Disclosure Statement contains information about the Debtor and describes the Plan of Reorganization (the "Plan") filed by the Debtor.   A full copy of the Plan is attached to this Disclosure Statement as Exhibit "A".   *Your rights may be affected. You should read the Plan and this Disclosure Statement carefully and discuss them with your attorney.  If you do not have an attorney, you may wish to consult one.*

The proposed distributions under the Plan are discussed in this Disclosure Statement.

A.    **Purpose of This Document**

This Disclosure Statement describes:

- The Debtor and significant events during the bankruptcy case,
- How the Plan proposes to treat claims or equity interests of the type you hold (*i.e.*, what you will receive on your claim or equity interest if the plan is confirmed),
- Who can vote on or object to the Plan,
- What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan,
- Why the Debtor believes the Plan is feasible, and how the treatment of your claim or equity interest under the Plan compares to what you would receive on your claim or equity interest in liquidation, and
- The effect of confirmation of the Plan.

Be sure to read the Plan as well as the Disclosure Statement.  This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

B.      **Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing**

The Court has not yet confirmed the Plan described in this Disclosure Statement.  This section describes the procedures pursuant to which the Plan will or will not be confirmed.

      1.    *Time and Place of the Hearing to Finally Approve This Disclosure Statement and Confirm the Plan*

The hearing at which the Court will determine whether to finally approve this Disclosure Statement and confirm the Plan will take place on _____ at _____ _.m., in Courtroom 403 at the United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

      2.    *Deadline for Voting to Accept or Reject the Plan*

If you are entitled to vote to accept or reject the plan, vote on the enclosed ballot and return the ballot by mail to counsel for the Debtor, Margaret M. McClure, Attorney at Law, 909 Fannin, Suite 3810, Houston, Texas 77010, by email to counsel, margaret@mmmcclurelaw.com, or by facsimile to counsel, (713) 658-0334.

Your ballot must be received by _____ at 5:00 p.m. or it will not be counted.

      3.    *Deadline for Objecting to the Adequacy of Disclosure and Confirmation of the Plan*

Objections to this Disclosure Statement or to the confirmation of the Plan must be filed with the Court and served upon the Debtor and its counsel by _____, 2017 at 5:00 p.m.

      4.    *Identity of Person to Contact for More Information*

If you want additional information about the Plan, you should contact Margaret M. McClure, Attorney at Law, 909 Fannin, Suite 3810, Houston, Texas 77010.

C.    **Disclaimer**

***The Court has conditionally approved this Disclosure Statement as containing adequate information to enable parties affected by the Plan to make an informed judgment about its terms.***

***The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted. The Court's approval of this Disclosure Statement is subject to final approval at the hearing on confirmation of the Plan. Objections to the adequacy of this Disclosure Statement may be filed until _____, 2017 at 5:00 p.m.***

II.     **BACKGROUND**

A.     **Description and History of the Debtor's Business**

See the Debtor's narrative, which is attached as Exhibit "B" for a discussion of the description and history of the Debtor's business.

B.     **Management of the Debtor before and During the Bankruptcy**

Mr. and Mrs. Jeremy Thompson manage the Debtor, and managed the Debtor prior to the bankruptcy.

During the two years prior to the date on which the bankruptcy petition was filed, the officers and owners were the same as they are presently. After the effective date of the order confirming the Plan, with the cancelation of some of the equity interest in the Reorganized Debtor as set out below the officers will remain the same but the ownership will change.

C.     **Events Leading to Chapter 11 Filing and Significant Events during the Bankruptcy Case**

See the Debtor's narrative, which is attached as Exhibit "B" for a discussion of the events leading to the Chapter 11 filing and significant events during the bankruptcy case.

D.     **Absolute Priority Rule**

The "absolute priority rule" is the rule that states that the holder of any claim or interest that is junior to the claims of an impaired unsecured class of creditors will not receive or retain under the plan on account of their junior claim or interest any property unless the allowed claims in the impaired unsecured class of creditors support the Plan.

E.     **Projected Recovery of Avoidable Transfers and Lawsuits**

The Debtor does not believe there are any preference actions or fraudulent transfer actions to pursue.

F.     **Claims Objections**

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld.  The procedures for resolving disputed claims are set forth in the Plan.  If necessary, objections to claims will be filed within 60 days after the Effective Date of the Plan.

III.    **SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS**

A.      **What is the Purpose of the Plan of Reorganization?**

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive.  The Plan also states whether each class of claims or equity interests is impaired or unimpaired.  If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

B.      **Unclassified Claims**

Certain types of claims are automatically entitled to specific treatment under the Code.  They are not considered impaired, and holders of such claims do not vote on the Plan.  They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code.

1.      *Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code.  Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.  The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

**Margaret M. McClure** – Ms. McClure holds a remaining retainer balance in the amount of $16,536.20 and estimates fees and expenses in the amount of $40,000.00.

**U.S. Trustee** – fees are current and will stay current until this case is closed.

**Texas Development Company –** This administrative creditor will be paid additional rents in the amount of $7,500.00 per month beginning November 1, 2017, for eight months and the ninth payment in the amount of $3,130.00.  These additional rents are in lieu of the lump sum payment of additional rents in the amount of $63,130.00 as set out in Second Lease Amendment which payment was due on or about the Effective Date of the Plan as referenced in the Court's order of April 5, 2017 (docket no. 43).

2.      *Priority Unsecured Tax Claims*

None

3.      *Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to set-off) to the extent allowed as secured claims under § 506 of the Code.  If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim the deficiency will be classified as a general unsecured claim. The following chart lists all classes containing Debtor's secured pre-petition claims and their proposed treatment under the Plan:

Class 3(a) – Convenience Class

**Hilti, Inc.** – This secured creditor is owed $454.00 and will be paid in full on the Effective Date of the Plan as a convenience since it is owed so little.

Class 3(b) – Taxing Authorities

**Harris County, et al.** – This creditor is owed $24,093.11 for ad valorem taxes. It will be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 15th day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511. The monthly payment will be approximately $536.00. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**Cypress Fairbanks ISD** – This creditor is owed $41,885.39 for ad valorem taxes. It will be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 15th day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511. The monthly payment will be approximately $1,103.00. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**These claims are impaired**

Class 3(c) – Equipment Lenders

**Navitas Credit Corp. -** This creditor's claim is $11,927.76 for financing a Yale Model GLC120VX forklift. The forklift is at Forklifts and Tires, 14503 Sommermeyer St, Houston, Texas 77041 for repair, and this forklift is being surrendered in full satisfaction of the debt.

**This claim is impaired**

Class 3(d) – Equipment Lease

<u>**Working Ox Capital, LLC**</u> – After allowance for adequate protection payments made during the course of this case through **JANUARY 2018**, this creditor's claim is **$239,660.00** for the balance due on two master leases for (1) a Faccin/Biko Model B3-3138 Plate Roll equipped with a Cone Rolling Attachment (Serial number 12024166-4158) and (2) a Faccin Model HAV 3162 Plate Roll (Serial number 12114376-4373). This balance will be paid in full in consecutive monthly payments of $6,600.00 beginning **FEBRUARY 15, 2018** and ending in **APRIL 2021**. Working Ox Capital will retain its lien/security interest on the above described equipment. All provisions of the master leases not modified by the Plan

will remain in full force and effect.

**This claim is impaired**

Class 3(e) - Contracts

**Colonial Funding Network, Inc., as servicing provider for MIDTOWN FUNDING, LLC –** This creditor shall have an allowed secured claim in the amount of $305,791.36, and will be paid in full in 60 months, including 6% interest, with the first monthly payment being due and payable on the 15th day of the 1st month following 60 days after the Effective Date of the Plan. The monthly payment will be approximately $5,911.80. On the 15th day of the 60th month, any balance owed this creditor will be paid in full in a single lump sum payment. This creditor shall retain all liens it currently holds on any personal property of the Debtor, except for liens on roll machines pledged to Working Ox, until it receives payment in full under the provisions of this Plan.

**This claim is impaired**

4.    *Priority Unsecured Claims*

Priority Unsecured Claims are not secured by property of the estate but are entitled to priority under § 507(a) of the Code. The following chart identifies the Plan's proposed treatment of Class 4, which contains priority unsecured claims against the Debtor:

**Texas Comptroller of Public Accounts –** This creditor has a priority unsecured claim for taxes in the amount of $2,400.00. It will be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 15th day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511. The monthly payment will be approximately $54.00.

5.    *General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

These allowed general unsecured creditors will be mailed the previous year's financial statement each year for five years, during the term of the five-year Plan, on or about May 1st each year, beginning on May 1, 2018, and thereafter on or about May 1, 2019, May 1, 2020, May 1, 2021, and May 1, 2022. Each year, if the Reorganized Debtor made a profit, after income taxes, and after making all Plan payments and normal overhead payments, the Reorganized Debtor shall pay to the allowed unsecured creditors their pro-rata share of 50% of the net profit for the previous year, in twelve monthly payments beginning on September 15th of the year in which the financial statement is mailed to these creditors. Each year, during the term of the five-year Plan, the Reorganized Debtor will repeat the 12-month payment plan to these allowed unsecured creditors if the Reorganized Debtor made a net profit the previous year as reflected in the previous year's financial statement. This payout will not exceed five years, and at the end of the five-year Plan term, the remaining balance owed, if any, to these allowed

unsecured creditors will be discharged.

> 6.    *Insider Claims*

Insiders will not be paid any pre-petition claims during the term of the Plan and their claims will be discharged upon confirmation of the Plan.

> 7.    *Equity Interest Holders*

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor.  In a corporation, entities holding preferred or common stock are equity interest holders.  Mr. Jeremy Thompson, 1726 Mayweather Lane, Richmond, TX 77406 owns 28.3% Common Shares; Mr. Ovidiu M. Daian, 10822 Clifton Forge Drive, Houston, TX 77065 owns 33.3% Common Shares; Estate of Vincent J. Vare, Deceased, 3030 Matlock Road, Suite 201 Arlington, TX 76015 owns 33.3% Common Shares Mr. Curtis Williams, 5059 Meriden Drive, Houston, TX 77084 owns 5% Common Shares.  None of the Shareholders except Mr. Jeremy Thompson, are working for the Debtor company.  All shares are hereby CANCELED except those shares issued to Mr. Jeremy Thompson. <u>This paragraph is modified as set out in the following paragraph:</u>

**<u>Estate of Vincent J. Vare –</u>** <u>The Estate of Vincent J. Vare's claim shall be allowed as a Class 5 unsecured claim, and be treated as a Class 5 unsecured creditor as set out in the Plan of Reorganization. The Vare Estate's shares in the Debtor are canceled, and the Estate is hereby issued 34% of the outstanding equity interests in and of the Reorganized Debtor (and thereby Jeremy Thompson shall be issued 66% of the outstanding equity interests in and of the Reorganized Debtor). The 34%-66% distribution of the equity interests in the Reorganized Debtor shall not be altered from such distribution and shall not be diluted unless approved in writing by the Vare Estate (and then the distributees of the Vare Estate upon the completion of the probate administration of the Vare Estate) and Jeremy Thompson. The Vare Estate supports the chapter 11 Plan of Reorganization.  The issuance of the equity in and of the Reorganized Debtor to Jeremy Thompson and the Vare Estate shall occur and shall be effective upon and with the Effective Date of the confirmed Plan, and thereafter the Reorganized Debtor may issue stock certificates and update its internal corporate governance documents accordingly.  No equity interest holders will receive dividends or distributions for their equity interest during the pendency of this chapter 11 Plan prior to all creditors being paid in full.</u>

> A.    **Means of Implementing the Plan**

>> 1.    *Source of Payments*

Payments and distributions under the Plan will be funded by through business operations. – As to a default under the plan, any creditor remedies allowed by 11 U.S.C. § 1112(b)(4)(N) shall be preserved to the extent otherwise available at law.  In addition to any rights specifically provided to a claimant treated pursuant to this Plan, a failure by the Reorganized Debtor to make a payment to a creditor pursuant to the terms of this Plan shall be an event of default as to such payments if the payment is not cured within thirty (30) days after service of a written notice of default from such creditor, then such creditor may exercise any and all rights and remedies under applicable non-bankruptcy law to collect such claims or seek such relief as may be appropriate in the United States Bankruptcy Court.

      2.     *Post-confirmation Management*

The Post-Confirmation Management of the Debtor will be the same as before and during the bankruptcy proceeding. <u>Jeremy and Christi Thompson will remain as the post-confirmation management of the Reorganized Debtor.</u>

      3.     *Disbursing Agent*

The Reorganized Debtor will be the disbursing agent under the plan.

**B.    Executory Contracts and Unexpired Leases**

The Plan lists all executory contracts and unexpired leases that the Debtor will assume under the Plan.  Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any.

If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

All executory contracts and unexpired leases that are not listed will be rejected under the Plan. Consult your adviser or attorney for more specific information about particular contracts or leases.

If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

***The Deadline for Filing a Proof of Claim Based on a Claim Arising from the Rejection of a Lease or Contract Is 60 days after the contract or lease is (or was by operation of law) rejected.***  Any claim based on the rejection of a contract or lease will be disallowed or discharged if the proof of claim is (or was) not timely filed, unless the Court orders otherwise.

**C.    Tax Consequences of Plan**

***Creditors Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, And/Or Advisors.***   The Debtor believes that there will be no tax consequences of the Plan that will impact the Debtor.

**IV.    CONFIRMATION REQUIREMENTS AND PROCEDURES**

To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code. These include the requirements that:  the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each

creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and the Plan must be feasible.  These requirements are <u>not</u> the only requirements listed in § 1129, and they are not the only requirements for confirmation.

A.    **Who May Vote or Object**

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.  Any insider's vote will not be counted.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan.  A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

In this case, the Debtor believes that the secured, priority and unsecured classes are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan. The Debtor believes that class 1 is unimpaired and that holders of claims in this class, therefore, do not have the right to vote to accept or reject the Plan.

1.    *What Is an Allowed Claim or an Allowed Equity Interest?*

Only a creditor or equity interest holder with an allowed claim has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either (1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest.  When a claim is not allowed, the creditor holding the claim cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

***The deadline for filing a proof of claim in this case was June 21, 2017.***
***The deadline for filing objections to claims is 60 days after confirmation of the Plan.***

2.    *What Is an Impaired Claim or Impaired Equity Interest?*

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is *impaired* under the Plan.  As provided in § 1124 of the Code, a class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

3.    *Who is **Not** Entitled to Vote*

The holders of the following six types of claims and equity interests are *not* entitled to vote:

- holders of claims and equity interests that have been disallowed by an order of the Court;

- holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.

- holders of claims or equity interests in unimpaired classes;

- holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code; and

- holders of claims or equity interests in classes that do not receive or retain any value under the Plan;

- holders of administrative claims.

***Even If You Are Not Entitled to Vote on the Plan, You Have a Right to Object to the Confirmation of the Plan and to the Adequacy of the Disclosure Statement.***

4.      *Who Can Vote in More Than One Class*

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise holds claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

B.      **Votes Necessary to Confirm the Plan**

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by a cram down on non-accepting classes, as discussed later in Section B.2.

1.      *Votes Necessary for a Class to Accept the Plan*

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

2.      *Treatment of Non-accepting Classes*

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the non-accepting classes are treated in the manner prescribed by § 1129(b) of the Code.  A plan that binds non-accepting classes is commonly referred to as a cram down plan.  The Code allows the Plan to bind non-accepting classes of claims or equity interests if it meets all the requirements for consensual

confirmation except the voting requirements of § 1129(a)(8) of the Code, does not discriminate unfairly, and is fair and equitable toward each impaired class that has not voted to accept the Plan.

***You should consult your own attorney if a cram down confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.***

C. **Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. The liquidation analysis is set out as Exhibit "C" hereto.

D. **Feasibility**

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

Exhibit "D" is the schedules listing the assets of the Debtor, and Exhibit "E" is the schedules showing the liabilities of the Debtor.

E. **Plan Default** - In the event of any failure of the Reorganized Debtor to timely make its required plan payments to one or more of these creditors, they shall send notice of such default to the Reorganized Debtor. If the default is not cured within thirty (30) days of the date of such notice, the creditors may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court

V. **EFFECT OF CONFIRMATION OF PLAN**

A. **Discharge of Debtor**

On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code. However, the Debtor shall not be discharged from any debt imposed by the Plan. After the effective date of the Plan your claims against the Debtor will be limited to the debts imposed by the Plan.

B. **Vesting of Property in the Reorganized Debtor.** On the Effective Date, title to all assets and properties dealt with by the Plan shall vest in the Reorganized Debtor, free and clear of all Claims and Interests other than any contractual secured claims granted under any lending agreement, on the condition that the Reorganized Debtor complies with the terms of the Plan, including the making of all payments to creditors provided for in such Plan. If the Reorganized Debtor defaults in performing under the provisions of the Plan and this case is converted to a case under chapter 7, all property vested in the Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.

C.      **Modification of Plan**

The Plan Proponent may modify the Plan at any time before confirmation of the Plan.  However, the Court may require a new disclosure statement and/or re-voting on the Plan.   The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated *and* (2) the Court authorizes the proposed modifications after notice and a hearing.

D.      **Final Decree**

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

Dated:  January **15**, 2017.

/s/ Margaret M. McClure

_____

Margaret M. McClure, Attorney for Debtor

EXHIBIT A

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | BANKRUPTCY CASE NO. |
| | § | |
| HOUSTON PLATE PROCESSING, INC. | § | 17-30603-H5-11 |
| | § | |
| DEBTOR | § | Chapter 11 |

## DEBTOR'S (CORRECTED) AMENDED PLAN OF REORGANIZATION
### (to correct Working Ox treatment)

## ARTICLE I

## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of HOUSTON PLATE PROCESSING, INC. (the "Debtor") from future business income.  This Plan provides for classes of secured creditors, priority creditors, unsecured creditors and a class of equity security holders. This Plan also provides for the payment of administrative and priority claims. All creditors and equity security holders should refer to the provisions of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.**

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

1.   *Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code.  Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment. The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

**Margaret M. McClure** – Ms. McClure holds a remaining retainer balance in the amount of $16,536.20 and estimates fees and expenses in the amount of $40,000.00.

**U.S. Trustee** – fees are current and will stay current until this case is closed.

**Texas Development Company –** This administrative creditor will be paid additional rents in the amount of $7,500.00 per month beginning November 1, 2017, for eight months and the ninth payment in the amount of $3,130.00.  These additional rents are in lieu of the lump sum payment of additional rents in the amount of $63,130.00 as set out in Second Lease Amendment which payment was due on or about the Effective Date of the Plan as referenced in the Court's order of April 5, 2017 (docket no. 43).

       2.    *Priority Unsecured Tax Claims*

None

       3.    *Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to set-off) to the extent allowed as secured claims under § 506 of the Code.  If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim the deficiency will be classified as a general unsecured claim. The following chart lists all classes containing Debtor's secured pre-petition claims and their proposed treatment under the Plan:

Class 3(a) – Convenience Class

**Hilti, Inc.** – This secured creditor is owed $454.00 and will be paid in full on the Effective Date of the Plan as a convenience since it is owed so little.

Class 3(b) – Taxing Authorities

**Harris County, et al.** – This creditor is owed $24,093.11 for ad valorem taxes.  It will be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 15th day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511.  The monthly payment will be approximately $536.00. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**Cypress Fairbanks ISD** – This creditor is owed $41,885.39 for ad valorem taxes.  It will be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this

creditor agrees, with the first monthly payment being due and payable on the 15th day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511.  The monthly payment will be approximately $1,103.00.  This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**These claims are impaired**

Class 3(c) – Equipment Lenders

**Navitas Credit Corp. -** This creditor's claim is $11,927.76 for financing a Yale Model GLC120VX forklift.  The forklift is at Forklifts and Tires, 14503 Sommermeyer St, Houston, Texas 77041 for repair, and this forklift is being surrendered in full satisfaction of the debt.

**This claim is impaired**

Class 3(d) – Equipment Lease

**Working Ox Capital, LLC** – After allowance for adequate protection payments made during the course of this case through **JANUARY 2018**, this creditor's claim is **$239,660.00** for the balance due on two master leases for (1) a Faccin/Biko Model B3-3138 Plate Roll equipped with a Cone Rolling Attachment (Serial number 12024166-4158) and (2) a Faccin Model HAV 3162 Plate Roll (Serial number 12114376-4373). This balance will be paid in full in consecutive monthly payments of $6,600.00 beginning **FEBRUARY 15, 2018** and ending in **APRIL 2021**. Working Ox Capital will retain its lien/security interest on the above described equipment.  All provisions of the master leases not modified by the Plan will remain in full force and effect.

**This claim is impaired**

Class 3(e) - Contracts

**Colonial Funding Network, Inc., as servicing provider for MIDTOWN FUNDING, LLC** – This creditor shall have an allowed secured claim in the amount of $305,791.36, and will be paid in full in 60 months, including 6% interest, with the first monthly payment being due and payable on the 15th day of the 1st month following 60 days after the Effective Date of the Plan. The monthly payment will be approximately $5,911.80. On the 15th day of the 60th month, any balance owed this creditor will be paid in full in a single lump sum payment.  This creditor shall retain all liens it currently holds on any personal property of the Debtor, except for liens on roll machines pledged to Working Ox, until it receives payment in full under the provisions of this Plan.

**This claim is impaired**

4.      *Priority Unsecured Claims*

Priority Unsecured Claims are not secured by property of the estate but are entitled to priority under § 507(a) of the Code.  The following chart identifies the Plan's proposed treatment of Class 4, which contains priority unsecured claims against the Debtor:

**Texas Comptroller of Public Accounts –** This creditor has a priority unsecured claim for taxes in the amount of $2,400.00.  It will be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 15th day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511.  The monthly payment will be approximately $54.00.

5.      *General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

These allowed general unsecured creditors will be mailed the previous year's financial statement each year for five years, during the term of the five-year Plan, on or about May 1st each year, beginning on May 1, 2018, and thereafter on or about May 1, 2019, May 1, 2020, May 1, 2021, and May 1, 2022.  Each year, if the Reorganized Debtor made a profit, after income taxes, and after making all Plan payments and normal overhead payments, the Reorganized Debtor shall pay to the allowed unsecured creditors their pro-rata share of 50% of the net profit for the previous year, in twelve monthly payments beginning on September 15th of the year in which the financial statement is mailed to these creditors.  Each year, during the term of the five-year Plan, the Reorganized Debtor will repeat the 12-month payment plan to these allowed unsecured creditors if the Reorganized Debtor made a net profit the previous year as reflected in the previous year's financial statement.  This payout will not exceed five years, and at the end of the five-year Plan term, the remaining balance owed, if any, to these allowed unsecured creditors will be discharged.

6.      *Insider Claims*

Insiders will not be paid any pre-petition claims during the term of the Plan and their claims will be discharged upon confirmation of the Plan.

7.      *Equity Interest Holders*

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor.  In a corporation, entities holding preferred or common stock are equity interest holders.  Mr. Jeremy Thompson, 1726 Mayweather Lane, Richmond, TX 77406 owns 28.3% Common Shares; Mr. Ovidiu M. Daian, 10822 Clifton Forge Drive, Houston, TX 77065 owns 33.3% Common Shares; Estate of Vincent J. Vare, Deceased, 3030 Matlock Road, Suite 201 Arlington, TX 76015 owns 33.3% Common Shares Mr. Curtis Williams, 5059 Meriden Drive,

Houston, TX 77084 owns 5% Common Shares.  None of the Shareholders except Mr. Jeremy Thompson, are working for the Debtor company.  All shares are hereby CANCELED except those shares issued to Mr. Jeremy Thompson. This paragraph is modified as set out in the following paragraph:

**Estate of Vincent J. Vare –** The Estate of Vincent J. Vare's claim shall be allowed as a Class 5 unsecured claim, and be treated as a Class 5 unsecured creditor as set out in the Plan of Reorganization.  The Vare Estate's shares in the Debtor are canceled, and the Estate is hereby issued 34% of the outstanding equity interests in and of the Reorganized Debtor (and thereby Jeremy Thompson shall be issued 66% of the outstanding equity interests in and of the Reorganized Debtor). The 34%-66% distribution of the equity interests in the Reorganized Debtor shall not be altered from such distribution and shall not be diluted unless approved in writing by the Vare Estate (and then the distributees of the Vare Estate upon the completion of the probate administration of the Vare Estate) and Jeremy Thompson. The Vare Estate supports the chapter 11 Plan of Reorganization.  The issuance of the equity in and of the Reorganized Debtor to Jeremy Thompson and the Vare Estate shall occur and shall be effective upon and with the Effective Date of the confirmed Plan, and thereafter the Reorganized Debtor may issue stock certificates and update its internal corporate governance documents accordingly.  No equity interest holders will receive dividends or distributions for their equity interest during the pendency of this chapter 11 Plan prior to all creditors being paid in full.

## ARTICLE III

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

Claim Objections.  The Debtor shall have 60 days from the Effective Date of the Plan to file objections to claims.

Vesting of Property  On the Effective Date, title to all assets and properties dealt with by the Plan shall vest in Reorganized Debtor, free and clear of all claims and interests other than any contractual secured claims granted under any lending agreement, on the condition that Reorganized Debtor complies with the terms of the Plan, including the making of all payments to creditors provided for in such Plan. If Reorganized Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under chapter 7, all property vested in

Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.

Default – Any creditor remedies allowed by 11 U.S.C. § 1112(b)(4)(N) shall be preserved to the extent otherwise available at law.  In addition to any rights specifically provided to a claimant treated pursuant to this Plan, a failure by the Reorganized Debtor to make a payment to a creditor pursuant to the terms of this Plan shall be an event of default as to such payments if the payment is not cured within thirty (30) days after mailing written notice of default from such creditor to the Reorganized Debtor. If a Monthly Payment is not timely received by a creditor after the Debtor has already cured three untimely payments, the creditor may exercise any and all rights and remedies under applicable non-bankruptcy law to collect such claims or seek such relief as may be appropriate in the United States Bankruptcy Court.

## ARTICLE IV

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Assumed Executory Contracts and Unexpired Leases.

The Debtor assumes the following executory contracts and/or unexpired leases effective upon the "effective date of this Plan:" The real estate lease with Texas Development Company and Working Ox lease purchase agreement. The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed above, or before the date of the order confirming this Plan, upon the "effective date of this Plan."  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

## ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

This Plan of Reorganization will be funded by the Reorganized Debtor through future rental income.  The current management, Mr. Jeremy Thompson and Christi Thompson, will remain in control.  Mr. and Mrs. Thompson will continue to receive their salaries of $9,166.67 each monthly during the term of the Plan.  If reasonable, cost of living adjustments may be made to their salaries.

## ARTICLE VI

## GENERAL PROVISIONS

Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

Effective Date of Plan. The effective date of this Plan is the fifteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on

that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

<u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

<u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

<u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

<u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

<u>Disputed Claims</u>.  All claims that were listed in the schedules as "disputed" required the filing of a proof of claim.  If no proof of claim was timely filed, the claimant will not be paid under this Plan of Reorganization.

<u>Late-Filed Claims</u>.  Any late-filed claims shall not be allowed claims, and shall not be paid under this Plan of Reorganization.

**ARTICLE VII**

**<u>DISCHARGE</u>**

On the confirmation date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Dated <u>January **15**</u>, 2017.

/s/ Margaret M. McClure
_____

Margaret M. McClure, Attorney for Debtor

EXHIBIT B

12255 FM 529
Houston, Texas 77041

# Houston Plate Processing, Inc.

Houston Plate Processing was founded in 2012 with the idea of providing a quality product with improved customer service and attentiveness to our customers. Opening our own company would allow us complete control over how and when our customers received their orders.

Although Houston Plate was a new player in the industry, it was not a traditional start-up company in some aspects. Many loyal customers followed the sales team and Houston Plate did not have to worry about pounding the pavement looking for their first customer. We were however, a traditional start-up company from the standpoint of the aging equipment that we purchased when we opened.

During the first few years, Houston Plate worked hard to grow our business and expand our customer base. After earning it's ASME welding certification, we invested $100,000 on a down payment for a new roll machine, capable of rolling thicker cylinders. This machine allowed us to fabricate a more unique kind of product to our customers, one in which only a few other companies in the Houston area were able to also produce. This, combined with our ASME stamped, gave us a competitive advantage over other competitors that were unable to fabricate everything in house.

Surviving the first few years proved to be an uphill battle. Shortly after opening, Houston Plate and a few of its employees were sued by their former employer. When the legal battle was over in July 2013, Houston Plate spent $230,000 in legal fees fighting for its survival. In 2013, one of the burning machines required parts that were by that time obsolete causing HPP to spend $80,000 in equipment upgrades to retrofit our machine. One of Houston Plates founding partners, the company's financial backer, passed away shortly afterwards, starting a string of events that helped lead to this day. While the economy was doing well during our first few years, the company was spending hundreds of thousands of dollars fighting to stay open when it could have been saved for the upcoming worst economic disaster since the great depression. Houston Plate was able to keep the doors open, but we slowly were digging a hole that we unknowingly were unable to dig ourselves out of, amassing an accounts payable that more than doubled the accounts receivable.

Currently Houston Plate, under the relief of filing Chapter 11, has been able to reorganize and shift the company in a direction that would help make it

12255 FM 529
Houston, Texas 77041

a viable company for years to come. With an economic climate that is still not conducive to the oil & gas industry, Houston Plate's payables remain under $60,000 while maintaining receivables upwards of $240,000 on a consistent monthly basis. While there is still a long road to travel, it is the belief of management that the future is limitless. The hurdles that crippled HPP in the beginning are no longer hurdles, no longer obstacles that threaten the company's existence. There are no more machines to purchase, we are primed and ready to move forward and be the company that was envisioned when it was originally opened. The company will continue to make small steps to improve the company's viability and grow the company into an industry leader and well respected business.

**Houston Plate Processing, Inc.**
Projected 5 year financial report

**Fiscal Year - 2018**

| | Jan. | Feb. | March | April | May | June | July | August | Sept. | Oct. | Nov. | Dec. | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales | $ 260,000 | $ 245,000 | $ 290,000 | $ 290,000 | $ 310,000 | $ 270,000 | $ 260,000 | $ 260,000 | $ 265,000 | $ 270,000 | $ 245,000 | $ 252,200 | 3,217,200 |
| Cost of goods sold (inventory) | $ 117,000 | $ 110,250 | $ 121,800 | $ 116,000 | $ 130,200 | $ 121,500 | $ 111,800 | $ 111,800 | $ 108,650 | $ 108,000 | $ 102,900 | $ 105,924 | 1,365,824 |
| Gross profit | $ 143,000 | $ 134,750 | $ 168,200 | $ 174,000 | $ 179,800 | $ 148,500 | $ 148,200 | $ 148,200 | $ 156,350 | $ 162,000 | $ 142,100 | $ 146,276 | 1,851,376 |
| Expenses | | | | | . | | | | | | | | |
| Total payroll (hourly/salary) | $ 55,000 | $ 55,000 | $ 55,000 | $ 55,000 | $ 55,000 | $ 55,000 | $ 55,000 | $ 55,000 | $ 55,000 | $ 55,000 | $ 55,000 | $ 55,000 | 660,000 |
| Payroll taxes | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | $ 25,000 | 300,000 |
| Payroll (ADP services) | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | 12,000 |
| Outside processing/testing | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | 62,400 |
| Rent | $ 14,553 | $ 14,553 | $ 14,553 | $ 16,867 | $ 16,867 | $ 16,867 | $ 16,867 | $ 16,867 | $ 16,867 | $ 16,867 | $ 16,867 | $ 16,867 | 195,462 |
| Insurance | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | 17,880 |
| Utilities | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | 43,200 |
| Property taxes | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | 66,000 |
| Office supplies | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | 3,600 |
| Shop supplies | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | 60,000 |
| Truck note | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | 9,600 |
| Repairs & Maintenance | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | 36,000 |
| Computer/Software Maintence | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | 19,200 |
| Freight (In/Out) | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | 96,000 |
| Communications | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | 14,400 |
| Fuel (Company truck) | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | 16,800 |
| Other expenses | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | 14,400 |
| Total Expenses | $ 133,843 | $ 133,843 | $ 133,843 | $ 136,157 | $ 136,157 | $ 136,157 | $ 136,157 | $ 136,157 | $ 136,157 | $ 136,157 | $ 136,157 | $ 136,157 | 1,626,942 |
| Total Net | $ 9,157 | $ 907 | $ 34,357 | $ 37,843 | $ 43,643 | $ 12,343 | $ 12,043 | $ 12,043 | $ 20,193 | $ 25,843 | $ 5,943 | $ 10,119 | 224,434 |

**Houston Plate Processing, Inc.**
Projected 5 year financial report

**Fiscal Year - 2019**

| | Jan. | Feb. | March | April | May | June | July | August | Sept. | Oct. | Nov. | Dec. | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales | $ 275,000 | $ 268,000 | $ 310,000 | $ 320,000 | $ 333,000 | $ 300,050 | $ 290,000 | $ 315,150 | $ 325,000 | $ 330,000 | $ 292,250 | $ 286,605 | $ 3,645,055 |
| Cost of goods sold (inventory) | $ 123,750 | $ 120,600 | $ 130,200 | $ 128,000 | $ 139,860 | $ 135,023 | $ 124,700 | $ 135,515 | $ 133,250 | $ 132,000 | $ 122,745 | $ 120,374 | $ 1,546,016 |
| Gross profit | $ 151,250 | $ 147,400 | $ 179,800 | $ 192,000 | $ 193,140 | $ 165,028 | $ 165,300 | $ 179,636 | $ 191,750 | $ 198,000 | $ 169,505 | $ 166,231 | $ 2,099,039 |
| | | | | | | | | | | | | | |
| Expenses | | | | | ` | | | | | | | | |
| Total payroll (hourly/salary) | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | 780,000 |
| Payroll taxes | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | 360,000 |
| Payroll (ADP services) | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | 12,000 |
| Outside processing/testing | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | 62,400 |
| Rent | $ 16,867 | $ 16,867 | $ 16,867 | $ 18,117 | $ 18,117 | $ 18,117 | $ 18,117 | $ 18,117 | $ 18,117 | $ 18,117 | $ 18,117 | $ 18,117 | 213,654 |
| Insurance | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | 17,880 |
| Utilities | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | 43,200 |
| Property taxes | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | 66,000 |
| Office supplies | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | 3,600 |
| Shop supplies | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | 60,000 |
| Truck note | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | 9,600 |
| Repairs & Maintenance | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | 36,000 |
| Computer/Software Maintence | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | 19,200 |
| Freight (In/Out) | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | 96,000 |
| Communications | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | 14,400 |
| Fuel (Company truck) | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | 16,800 |
| Other expenses | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | 14,400 |
| Total Expenses | $ 151,157 | $ 151,157 | $ 151,157 | $ 152,407 | $ 152,407 | $ 152,407 | $ 152,407 | $ 152,407 | $ 152,407 | $ 152,407 | $ 152,407 | $ 152,407 | $ 1,664,334 |
| Total Net | $ 93 | $ (3,757) | $ 28,643 | $ 39,593 | $ 40,733 | $ 12,621 | $ 12,893 | $ 27,229 | $ 39,343 | $ 45,593 | $ 17,098 | $ 13,824 | $ 273,905 |

**Houston Plate Processing, Inc.**                                                                                                **Fiscal Year - 2020**
Projected 5 year financial report

| | | Jan. | Feb. | March | April | May | June | July | August | Sept. | Oct. | Nov. | Dec. | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales | | $ 268,455 | $ 271,590 | $ 341,000 | $ 352,000 | $ 366,300 | $ 330,055 | $ 319,000 | $ 346,665 | $ 357,500 | $ 363,000 | $ 321,475 | $ 315,266 | $ 3,952,306 |
| | Cost of goods sold (inventory) | $ 120,805 | $ 122,216 | $ 143,220 | $ 140,800 | $ 153,846 | $ 148,525 | $ 137,170 | $ 149,066 | $ 146,575 | $ 145,200 | $ 135,020 | $ 132,412 | $ 1,674,853 |
| | Gross profit | $ 147,650 | $ 149,375 | $ 197,780 | $ 211,200 | $ 212,454 | $ 181,530 | $ 181,830 | $ 197,599 | $ 210,925 | $ 217,800 | $ 186,456 | $ 182,854 | $ 2,277,453 |
| | | | | | | . | | | | | | | | |
| Expenses | | | | | | | | | | | | | | |
| | Total payroll (hourly/salary) | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | 780,000 |
| | Payroll taxes | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | 360,000 |
| | Payroll (ADP services) | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | 12,000 |
| | Outside processing/testing | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | 62,400 |
| | Rent | $ 18,117 | 18,117 | 18,117 | 19,367 | 19,367 | 19,367 | 19,367 | 19,367 | 19,367 | 19,367 | 19,367 | 19,367 | 228,654 |
| | Insurance | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | 17,880 |
| | Utilities | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | 43,200 |
| | Property taxes | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | 66,000 |
| | Office supplies | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | 3,600 |
| | Shop supplies | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | 60,000 |
| | Truck note | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | 9,600 |
| | Repairs & Maintenance | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | 36,000 |
| | Computer/Software Maintence | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | 19,200 |
| | Freight (In/Out) | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | 96,000 |
| | Communications | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | 14,400 |
| | Fuel (Company truck) | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | 16,800 |
| | Other expenses | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | 14,400 |
| Total Expenses | | $ 152,407 | $ 152,407 | $ 152,407 | $ 153,657 | $ 153,657 | $ 153,657 | $ 153,657 | $ 153,657 | $ 153,657 | $ 153,657 | $ 153,657 | $ 153,657 | $ 1,840,134 |
| Total Net | | $ (4,757) | $ (3,033) | $ 45,373 | $ 57,543 | $ 58,797 | $ 27,873 | $ 28,173 | $ 43,942 | $ 57,268 | $ 64,143 | $ 32,799 | $ 29,197 | $ 437,319 |

**Houston Plate Processing, Inc.**                                                                                                                                **Fiscal Year - 2021**
Projected 5 year financial report

| | | Jan. | Feb. | March | April | May | June | July | August | Sept. | Oct. | Nov. | Dec. | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales | | $ 295,300 | $ 298,750 | $ 375,100 | $ 387,200 | $ 402,930 | $ 363,061 | $ 350,900 | $ 381,332 | $ 393,250 | $ 399,300 | $ 353,623 | $ 346,793 | $ 4,347,539 |
| | Cost of goods sold (inventory) | $ 132,885 | $ 134,438 | $ 157,542 | $ 154,880 | $ 169,231 | $ 163,377 | $ 150,887 | $ 163,973 | $ 161,233 | $ 159,720 | $ 148,522 | $ 145,653 | $ 1,842,340 |
| | Gross profit | $ 162,415 | $ 164,313 | $ 217,558 | $ 232,320 | $ 233,699 | $ 199,684 | $ 200,013 | $ 217,359 | $ 232,018 | $ 239,580 | $ 205,101 | $ 201,140 | $ 2,505,199 |
| | | | | | | | | | | | | | | |
| Expenses | | | | | | | | | | | | | | |
| | Total payroll (hourly/salary) | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | 780,000 |
| | Payroll taxes | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | 360,000 |
| | Payroll (ADP services) | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | 12,000 |
| | Outside processing/testing | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | 62,400 |
| | Rent | $ 19,367 | $ 19,367 | $ 19,367 | $ 20,617 | $ 20,617 | $ 20,617 | $ 20,617 | $ 20,617 | $ 20,617 | $ 20,617 | $ 20,617 | $ 20,617 | 243,654 |
| | Insurance | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | 17,880 |
| | Utilities | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | 43,200 |
| | Property taxes | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | 66,000 |
| | Office supplies | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | 3,600 |
| | Shop supplies | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | 60,000 |
| | Truck note | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | 9,600 |
| | Repairs & Maintenance | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | 36,000 |
| | Computer/Software Maintence | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | 19,200 |
| | Freight (In/Out) | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | 96,000 |
| | Communications | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | 14,400 |
| | Fuel (Company truck) | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | 16,800 |
| | Other expenses | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | 14,400 |
| Total Expenses | | $ 153,657 | $ 153,657 | $ 153,657 | $ 154,907 | $ 154,907 | $ 154,907 | $ 154,907 | $ 154,907 | $ 154,907 | $ 154,907 | $ 154,907 | $ 154,907 | $ 1,855,134 |
| Total Net | | $ 8,758 | $ 10,656 | $ 63,901 | $ 77,413 | $ 78,792 | $ 44,777 | $ 45,106 | $ 62,452 | $ 77,111 | $ 84,673 | $ 50,194 | $ 46,233 | $ 650,065 |

**Houston Plate Processing, Inc.**
Projected 5 year financial report

**Fiscal Year - 2022**

| | | Jan. | Feb. | March | April | May | June | July | August | Sept. | Oct. | Nov. | Dec. | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales | | $ 324,830 | $ 328,625 | $ 412,610 | $ 425,920 | $ 443,223 | $ 399,367 | $ 385,990 | $ 419,465 | $ 432,575 | $ 439,230 | $ 388,985 | $ 381,472 | $ 4,782,292 |
| | Cost of goods sold (inventory) | $ 146,174 | $ 147,881 | $ 173,296 | $ 170,368 | $ 186,154 | $ 179,715 | $ 165,976 | $ 180,370 | $ 177,356 | $ 175,692 | $ 163,374 | $ 160,218 | $ 2,026,573 |
| | Gross profit | $ 178,657 | $ 180,744 | $ 239,314 | $ 255,552 | $ 257,069 | $ 219,652 | $ 220,014 | $ 239,095 | $ 255,219 | $ 263,538 | $ 225,611 | $ 221,254 | $ 2,755,719 |
| | | | | | | . | | | | | | | | |
| Expenses | | | | | | | | | | | | | | |
| | Total payroll (hourly/salary) | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | 780,000 |
| | Payroll taxes | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | 360,000 |
| | Payroll (ADP services) | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | 12,000 |
| | Outside processing/testing | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | $ 5,200 | 62,400 |
| | Rent | $ 21,867 | $ 21,867 | $ 21,867 | $ 21,867 | $ 21,867 | $ 21,867 | $ 21,867 | $ 21,867 | $ 21,867 | $ 21,867 | $ 21,867 | $ 21,867 | 262,404 |
| | Insurance | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | $ 1,490 | 17,880 |
| | Utilities | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | $ 3,600 | 43,200 |
| | Property taxes | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | $ 5,500 | 66,000 |
| | Office supplies | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | 3,600 |
| | Shop supplies | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | 60,000 |
| | Truck note | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | $ 800 | 9,600 |
| | Repairs & Maintenance | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | 36,000 |
| | Computer/Software Maintence | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | 19,200 |
| | Freight (In/Out) | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | 96,000 |
| | Communications | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | 14,400 |
| | Fuel (Company truck) | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | $ 1,400 | 16,800 |
| | Other expenses | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | 14,400 |
| Total Expenses | | $ 156,157 | $ 156,157 | $ 156,157 | $ 156,157 | $ 156,157 | $ 156,157 | $ 156,157 | $ 156,157 | $ 156,157 | $ 156,157 | $ 156,157 | $ 156,157 | $ 1,873,884 |
| Total Net | | $ 22,500 | $ 24,587 | $ 83,157 | $ 99,395 | $ 100,912 | $ 63,495 | $ 63,857 | $ 82,938 | $ 99,062 | $ 107,381 | $ 69,454 | $ 65,097 | 881,835 |

**Projected 5-year financial projections – breakdown analysis**

1. Sales/Gross profit – the sales to gross profit ratio in 2017 was an average of 60.17%. These projections for 2018 conservatively project a 55.5% ratio. Our focus and drive for 2018 and forward is to shift sales from sales of cut parts/inventory to more sales that include added value  such as our rolling and welding. Right now, our welding comprises 30% of our gross sales. In  2018, we are projecting our welding to increase 20% on the 2017 sales figures which will drive  up the revenue and more importantly the gross profit. We have formulated a system to drive  our welding sales up by increase our exposure to the industry by doing more marketing, and we  have hired an employee to only make sales calls and generate leads.

2. Payroll/payroll taxes – these projections are somewhat based off of historical data for 2017. It is  a combination of the hourly workers broken down by department, combined with the type of  work that HPP produced during the fiscal year. We are going to be able to keep payroll at a  manageable rate because we will be able to hire more employees in our weld department, thus  cutting down the overtime. At the same time, we will be able to pull hours from the burning  department which had focused on tedious, time consuming jobs that involve processing cut   parts, which will now be focused on burning larger plates for our welding department.

3. Outside processing/testing – with an increase in welding sales we will see a slight increase in  outside processing/testing cost.  The reason for such a slight increase in this category is because we will be able to consolidate more jobs per service thus allowing us to meet the minimum charge and require less frequent visits during the month.

4. Insurance—this is based on our current property insurance premium that runs through June 2018; historically we have not seen an increase in our premiums unless new equipment has is  purchased, and no new equipment will be purchased in the foreseeable future.

5. Utilities—our monthly utility bills have been historically consistent, figures from 2017 were used  for this amount.

6.  Property taxes—based on 2016 property taxes.

7.  Office Supplies—used 2017 yearly average for this figure.

8. Shop Supplies—increased from 2017 monthly figures to account for increase in expected  increase in welding production.

9. Truck Note—fixed monthly amount-truck will be paid off December 2020.

10. Repairs/maintenance—based on 2016/2017 yearly averages.

11. Computer/Software Maintenance—maintenance plan worked out with IT company

12. Fuel-Truck—based on 2017 average

13. Other expenses—this category was created as a buffer for any type of unforeseen  expense/repair/purchase which are not typical

14. Leases for equipment (working ox)—agreement signed

EXHIBIT C

**HOUSTON PLATE PROCESSING, INC.**
**CASE NO. 17-30603-H5-11**
**CHAPTER 11 LIQUIDATION ANALYSIS**

| | NON-EXEMPT ASSETS | | Market Value |
|---|---|---|---|
| | Comerica Bank - Checking Account - Debtor In Possession- Account No. …1840 | | $ 18,568.11 |
| | Accounts Receivable 90 days old or less | | 200,453.36 |
| | Accounts Receivable over 90 days old | | 40,617.61 |
| | Steel Plate | | 35,868.01 |
| | Fabricating Plate | | 230,700.00 |
| | Fabricating Plate | | 62,647.00 |
| | Processing & Shop Supplies | | 8,500.00 |
| Ex. A | Machinery (14) | | 447,500.00 |
| Ex. A | Shop Equipment Misc. Items (39) | | 36,750.00 |
| Ex. B | Printers (9) | | 830.00 |
| Ex. B | Computers (12) | | 750.00 |
| Ex. B | Keyboards (13) | | 230.00 |
| Ex. B | Monitors (15) | | 815.00 |
| Ex. B | Misc. Equipment (19) | | 1,560.00 |
| Ex. B | Furniture (28) | | 5,070.00 |
| | 2015 GMC Sierra 3500 - 1GD411C85FF531265 | | 17,450.00 |
| | Claim against Gas Process Equipment | | 25,794.95 |
| | | **TOTAL** | **$ 1,134,104.04** |

| Claim | CREDITORS Secured Claims | | Amount |
|---|---|---|---|
| 2 | Harris County et al | Account No. 221-793-610-0000, 221-742-030-0000 | $ 24,093.11 |
| 3 | Cypress Fairbanks ISD | Account No. 217-936-1, 217-420-3 | 41,885.39 |
| 6 | Navitas Credit Corp | Lease No. 40050282 | 11,927.76 |
| 11 | Texas Development Company | | 63,130.00 |
| 13 | Working Ox Capital, LLC | | 285,080.00 |
| 18 | Colonial Funding Network, Inc./Midtown Fundir | Account No…. 4949 | 305,791.36 |
| | Hilti, Inc. | Account No. …5663 | 454.00 |
| | Northwoods Management | Account No. …0023 | 13,069.27 |
| | | **TOTAL** | **$ 745,430.89** |

| Claim | Priority Claims | | Amount |
|---|---|---|---|
| 15 | Texas Comptroller of Public Accounts | Bankruptcy ID No. XXXXXXX0351 | $ 2,400.00 |
| 19 | Texas Workforce Commission | Account No. …0182 | 61.05 |
| | | **TOTAL** | **$ 2,461.05** |

| | Net Available to General Unsecured Claims | $ 386,212.10 |
|---|---|---|

| Claim | General Unsecured Claims | | Amount |
|---|---|---|---|
| 1 | Chapel Steel Corporation | Customer No. …17337 | $ 64,853.01 |
| 4 | American Express Bank, FSB | Account No. …1000 | 12,350.08 |
| 5 | W W Grainger Inc. | Account No. …9054 | 871.41 |
| 7 | Praxair Distribution Inc. | Customer No. 72225629 | 28,800.45 |
| 8 | Triple S Steel Holdings, Inc. | Customer No. 95014 | 80,909.96 |
| 9 | Dun & Branstreet | Subscriber No. 264862238 | 1,119.29 |
| 10 | McCune Electrical Services, LLC | Job No. 437-16 | 1,840.25 |
| 12 | JackRabbit Steel Products, Inc. | Account No. …006 | 29,619.00 |
| 14 | Cyclone Steel Services, Inc. | Account No. …0991 | 16,292.98 |
| 16 | Estate of Vincent J. Vare | | 846,879.96 |
| 17 | American Alloy Steel, Inc. | Account No. …1024 | 89,897.38 |
| | A & B Crane Services, LLC | Account No. …43HT | 2,830.90 |
| | AAA Flame Cur Steel, LLC | Account No. …2215 | 3,085.00 |
| | Air Compressor Technologies | Account No. …6223 | 453.57 |
| | Arca Funding/Midtown/Strategic Funding | | 293,140.00 |
| | Best Networking Services, Inc. | Account No. …8153 | 21,569.08 |
| | Briggs Equipment | Account No. …8936 | 1,474.82 |
| | Corporation Service Company, as Representative | | Unknown |
| | Delta Steel, Inc. | Account No. …5669 | 22,906.97 |
| | Diamond G | Account No. …5086 | 17,193.56 |
| | Eldred Sheet Metal Works, L.P. | Account No. …2522 | 725.00 |
| | EMT Expedited Logistics, Inc. | Account No. …0428 | 2,518.56 |
| | FedEx Freight | Account No. …3606 | 1,023.62 |
| | First Choice Brokerage, Inc. | Account No. …0217 | 1,490.00 |
| | Forklifts & Tires | Account No. …8381 | 7,910.83 |
| | IHS Markit | Account No. …1001 | 1,155.69 |
| | Jacquet Houston, Inc. | Account No. …0428 | 8,185.00 |
| | Jeremiah E. Thompson | | 48,002.00 |
| | Kimzey Software Solutions | Account No. …0689 | 2,480.00 |
| | Leo Daian | | 18,338.98 |
| | Mason Dixie Supply, Inc. | Account No. …7872 | 10,359.32 |

| Claim | General Unsecured Claims | | Amount |
|---|---|---|---|
| | Monument Frieght Services | Account No. …5350 | 7,525.00 |
| | NDT - PRO Services | Account No. …1160 | 300.00 |
| | Oiler Transport | Account No. …6HHP | 8,350.00 |
| | Ourco Supply Corporation | Account No. …1721 | 2,749.10 |
| | Patriot Freight Group, LLC | Account No. …2511 | 3,160.00 |
| | Pendulum Finance | | Unknown |
| | Precise Steel | Account No. …3090 | 39,869.92 |
| | Professional Welding Supply | Account No. …8952 | 14,096.30 |
| | Proserv Crane Group | Account No. …3529 | 2,555.00 |
| | QuarterSpot Funding | Account No. …3270 | 42,043.35 |
| | Ranger Steel | Account No. …9310 | 117,311.78 |
| | Russell Logistics, LLC | Account No. …9228 | 17,542.00 |
| | Sigmatek Systems International | Account No. …4181 | 3,456.00 |
| | Staples | Account No. …3715 | 395.29 |
| | Superior Supply | | 158,724.65 |
| | Veracity Technical Services | Account No. 1167 | 10,400.86 |

| | | |
|---|---|---|
| | **TOTAL** | **$ 2,066,755.92** |

**PERCENTAGE RECEIVED IN CHAPTER 7 LIQUIDATION**                              **18.69%**

## Shop Equipment Exhibit A

| Quantity | Equipment | Make/Model (Descprition) | Serial | Value |
|---|---|---|---|---|
| **Machinery** | | | | |
| 1 | Hyster Forklift | Hyster/FG35T2L | A48A48K00203 | $ 12,000.00 |
| 1 | Faccin roll machine | Faccin/HAV-3162 | | $ 229,410.00 |
| 1 | Faccin/Biko roll machine | Faccin(Biko)/B3-3138 | | $ 68,790.00 |
| 1 | Subarc Welding Machine | | | $ 44,000.00 |
| 1 | Lincoln Electric | DL1000 480V Power Supply | U1140702279 | $ 4,500.00 |
| 1 | Edgepro Controller | Hypertherm | 713040487 | $ 40,000.00 |
| 1 | Hypertherm Power Supply | HT4001-Part of Edgepro | | $ 4,000.00 |
| 1 | Burney 10 | LCD Plus Controller | 640-493-10327 | $ 8,000.00 |
| 1 | Gantry for Burney 10 | | TMC3614P962900 | $ 7,000.00 |
| 2 | Hypertherm Power Supply | MT2000-Part of Burney 10 | | $ 20,000.00 |
| 1 | Gouging Machine | Model 8891 | D3208 | $ 5,000.00 |
| 1 | Lincoln Arc Welder Model DC-600 | | AC-866262 | $ 1,800.00 |
| 1 | Miller 440 Amp Welder | | RF768949 | $ 3,000.00 |
| | | | Total | $ 447,500.00 |
| **Misc items** | | | | |
| 1 | Welding Cart | | | $ 60.00 |
| 1 | Miller 60 Series Wire Feeder | Miller | KE552187 | $ 700.00 |
| 1 | Mig Gun (250 amp) | | | $ 80.00 |
| 1 | Profax Mig Gun (400 amp) | Profax | | $ 120.00 |
| 3 | Hand Torch | | | $ 300.00 |
| 1 | 100' hose for hand torch | | | $ 60.00 |
| 1 | Magnet | | | $ 1,200.00 |
| 1 | Magnet (Model: BM36-battery powered, 8k lbs rated) | | | $ 5,000.00 |
| 4 | Industrial Fans with stands | | | $ 400.00 |
| 3 | Industrial Fans sit on ground | | | $ 300.00 |
| 1 | Hoses for edgepro machine | Oxygen and Nitrogen | | $ 150.00 |
| 2 | Oxyfuel track torch machine | Victor | | $ 1,600.00 |
| 1 | Plasma track torch machine | Thermal Dynamics | MX1323021506 | $ 2,000.00 |
| 8 | 6' track for burning machines | | | $ 400.00 |
| 2 | Pnumatic Air Grinder | | | $ 400.00 |
| 1 | Dewalt Electric Grinder | | | $ 80.00 |
| 1 | Dewalt Miter Saw | DW 716 | | $ 200.00 |
| 1 | Air Compressor Tanks | | | $ 12,000.00 |
| 1 | Electrical Boxes (Disconnects) | | | $ 10,000.00 |
| 2 | Chains for Lifts | 10' | | $ 1,700.00 |
| | | | Total | $ 36,750.00 |
| | | | **Grand total** | **$ 484,250.00** |

**Office Equipment Exhibit B**

| Quantity | Equipment | Model | Value | |
|---|---|---|---|---|
| **Printers** | | | | |
| 1 | H.P. Office Pro Printer | 8630 | $ | 100.00 |
| 2 | H.P. Office Pro | 8600 | $ | 200.00 |
| 1 | Samsung Printer | Xpress M2020W | $ | 80.00 |
| 1 | Brother Printer | MFC 465CN | $ | 50.00 |
| 1 | HP Printer | 5000 | $ | 50.00 |
| 1 | Okidata Printer | | $ | 200.00 |
| 1 | HP Printer | MF Pro 7 | $ | 100.00 |
| 1 | HP Printer | Laserjet 1536 | $ | 50.00 |
| | | Total | $ | **830.00** |
| **Computers** | | | | |
| 1 | Lenovo Computer | | $ | 50.00 |
| 1 | Dell Computer | | $ | 50.00 |
| 7 | HP Computers | HP Compaq | $ | 350.00 |
| 1 | HP Tower Server | | $ | 100.00 |
| 2 | Servers | | $ | 200.00 |
| | | Total | $ | **750.00** |
| | | | | |
| **Keyboards** | | | | |
| 7 | Logitech | | $ | 140.00 |
| 4 | HP | | $ | 60.00 |
| 2 | Lenovo | | $ | 30.00 |
| | | Total | $ | **230.00** |
| **Monitors** | | | | |
| 1 | Optiquest | | $ | 40.00 |
| 1 | LG | | $ | 50.00 |
| 3 | Acer | | $ | 225.00 |
| 5 | Mag | | $ | 250.00 |
| 1 | HP Pavilion | | $ | 10.00 |
| 2 | Dell | | $ | 80.00 |
| 2 | Samsung | S24D590L | $ | 160.00 |
| | | | | |
| | | Total | $ | **815.00** |
| **Misc. Equipment** | | | | |
| 1 | Epson Scanner | | $ | 150.00 |
| 1 | Brother Fax Machine | Laser Fax Super G3 | $ | 50.00 |
| 1 | Cisco Router | 2800 Series | $ | 20.00 |
| 3 | Sharp | Adding Machines | $ | 60.00 |
| 3 | Air Conditioners | LG | $ | 600.00 |
| 1 | Back up Battery | | $ | 20.00 |
| 1 | Apple | iphone 6 | $ | 180.00 |
| 8 | Polycon Phones | | $ | 480.00 |
| | | Total | $ | **1,560.00** |
| | | | | |
| **Furniture** | | | | |
| 1 | Receptionist Desk | 2pc | $ | 600.00 |
| 3 | Desk and Credenza Sets | | $ | 1,800.00 |
| 1 | Desk set | 2 pc | $ | 500.00 |
| 2 | Executive Desks | | $ | 200.00 |
| 1 | Desk set-old | 2 pc | $ | 50.00 |
| 1 | Teachers desk | | $ | 150.00 |
| 2 | Long desks with 2 drawers | | $ | 100.00 |
| 1 | Conference Room Table | | $ | 200.00 |
| 1 | Filing Cabinet | 3 drawer tall narrow | $ | 150.00 |
| 2 | Filing Cabinet | 4 drawer tall wide | $ | 170.00 |
| 3 | Filing Cabinet | 5 drawer tall wide | $ | 750.00 |
| 2 | Filing Cabinet | 2 drawer low | $ | 200.00 |
| 8 | Chairs | | $ | 200.00 |
| | | Total | $ | **5,070.00** |
| | | Grand Total | $ | **9,255.00** |

EXHIBIT D

**Fill in this information to identify the case:**

Debtor name   Houston Plate Processing, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property   12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☒ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**   $ 0.00

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | Comerica Bank | Checking Account | 1 2 0 4 | $ 2,000.00 |
| 3.2. | | | | $ |

4. **Other cash equivalents** *(Identify all)*

4.1. _____   $ _____
4.2. _____   $ _____

5. **Total of Part 1**   $ 2,000.00
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

### Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☒ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. Deposits, including security deposits and utility deposits

Description, including name of holder of deposit

7.1. _____   $ _____
7.2. _____   $ _____

Debtor ___Houston Plate Processing, Inc._____ Case number (if known)_____
     Name

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

    Description, including name of holder of prepayment

    8.1._____    $_____

    8.2._____    $_____

9. **Total of Part 2.**

    Add lines 7 through 8. Copy the total to line 81.        $_____

## Part 3:   Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☐ No. Go to Part 4.

    ☒ Yes. Fill in the information below.

                                              **Current value of debtor's interest**

11. **Accounts receivable**

| | face amount | | doubtful or uncollectible accounts | | Current value of debtor's interest |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | $200,453.36 | – | $0.00 | = ....➜ | $200,453.36 |
| 11b. Over 90 days old: | $40,617.61 | – | $0.00 | = ....➜ | $40,617.61 |

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.    $241,070.97

## Part 4:   Investments

13. **Does the debtor own any investments?**

    ☒ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1._____ _____   $_____

    14.2._____ _____   $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                        % of ownership:

    15.1._____ _____% _____   $_____

    15.2._____ _____% _____   $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1._____ _____   $_____

    16.2._____ _____   $_____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.      $_____

Debtor    Houston Plate Processing, Inc.
          _____          Case number (if known)_____
          Name

## Part 5:  Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.

☒ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** <br> Steel Plate | 12/31/2016 <br> MM / DD / YYYY | $ 0.00 | Industry Pricing | $ 35,868.01 |
| 20. **Work in progress** <br> Fabricating Plate | 01/23/2017 <br> MM / DD / YYYY | $ _____ | Industry Pricing | $ 230,700.00 |
| 21. **Finished goods, including goods held for resale** <br> Fabricated Plate | 01/23/2017 <br> MM / DD / YYYY | $ _____ | Industry Pricing | $ 62,647.00 |
| 22. **Other inventory or supplies** <br> Processing & Shop Supplies | 01/23/2016 <br> MM / DD / YYYY | $ _____ | Industry Pricing | $ 8,500.00 |

23. **Total of Part 5**
    Add lines 19 through 22. Copy the total to line 84.

    $ 337,715.01

24. **Is any of the property listed in Part 5 perishable?**
    ☒ No
    ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
    ☐ No
    ☒ Yes. Book value 73,725.14   Valuation method Industry Pricing   Current value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
    ☒ No
    ☐ Yes

## Part 6:  Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $ _____ | | $ _____ |
| 29. **Farm animals** Examples: Livestock, poultry, farm-raised fish | $ _____ | | $ _____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $ _____ | | $ _____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $ _____ | | $ _____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $ _____ | | $ _____ |

Debtor   Houston Plate Processing, Inc.
         Name                                                    Case number (if known)_____

33. **Total of Part 6.**

    Add lines 28 through 32. Copy the total to line 85.                    $_____

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No

    ☐ Yes. Is any of the debtor's property stored at the cooperative?

        ☐ No

        ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No

    ☐ Yes. Book value $_____  Valuation method _____  Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☐ No

    ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

---

**Part 7:   Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    ☐ No. Go to Part 8.

    ☒ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture**<br>See Exhibit B | $_____ | Market Value | $5,070.00 |
| 40. **Office fixtures**<br>_____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software**<br>See Exhibit B | $_____ | Market Value | $4,185.00 |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

    Add lines 39 through 42. Copy the total to line 86.                    $9,255.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

    ☒ No

    ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

    ☒ No

    ☐ Yes

**Office Equipment Exhibit B**

| Quantity | Equipment | Model | | Value | |
|---|---|---|---|---|---|
| **Printers** | | | | | |
| 1 | H.P. Office Pro Printer | 8630 | | $ | 100.00 |
| 2 | H.P. Office Pro | 8600 | | $ | 200.00 |
| 1 | Samsung Printer | Xpress M2020W | | $ | 80.00 |
| 1 | Brother Printer | MFC 465CN | | $ | 50.00 |
| 1 | HP Printer | 5000 | | $ | 50.00 |
| 1 | Okidata Printer | | | $ | 200.00 |
| 1 | HP Printer | MF Pro 7 | | $ | 100.00 |
| 1 | HP Printer | Laserjet 1536 | | $ | 50.00 |
| | | | Total | $ | **830.00** |
| **Computers** | | | | | |
| 1 | Lenovo Computer | | | $ | 50.00 |
| 1 | Dell Computer | | | $ | 50.00 |
| 7 | HP Computers | HP Compaq | | $ | 350.00 |
| 1 | HP Tower Server | | | $ | 100.00 |
| 2 | Servers | | | $ | 200.00 |
| | | | Total | $ | **750.00** |
| | | | | | |
| **Keyboards** | | | | | |
| 7 | Logitech | | | $ | 140.00 |
| 4 | HP | | | $ | 60.00 |
| 2 | Lenovo | | | $ | 30.00 |
| | | | Total | $ | **230.00** |
| **Monitors** | | | | | |
| 1 | Optiquest | | | $ | 40.00 |
| 1 | LG | | | $ | 50.00 |
| 3 | Acer | | | $ | 225.00 |
| 5 | Mag | | | $ | 250.00 |
| 1 | HP Pavilion | | | $ | 10.00 |
| 2 | Dell | | | $ | 80.00 |
| 2 | Samsung | S24D590L | | $ | 160.00 |
| | | | | | |
| | | | Total | $ | **815.00** |
| **Misc. Equipment** | | | | | |
| 1 | Epson Scanner | | | $ | 150.00 |
| 1 | Brother Fax Machine | Laser Fax Super G3 | | $ | 50.00 |
| 1 | Cisco Router | 2800 Series | | $ | 20.00 |
| 3 | Sharp | Adding Machines | | $ | 60.00 |
| 3 | Air Conditioners | LG | | $ | 600.00 |
| 1 | Back up Battery | | | $ | 20.00 |
| 1 | Apple | iphone 6 | | $ | 180.00 |
| 8 | Polycon Phones | | | $ | 480.00 |
| | | | Total | $ | **1,560.00** |
| | | | | | |
| **Furniture** | | | | | |
| 1 | Receptionist Desk | 2pc | | $ | 600.00 |
| 3 | Desk and Credenza Sets | | | $ | 1,800.00 |
| 1 | Desk set | 2 pc | | $ | 500.00 |
| 2 | Executive Desks | | | $ | 200.00 |
| 1 | Desk set-old | 2 pc | | $ | 50.00 |
| 1 | Teachers desk | | | $ | 150.00 |
| 2 | Long desks with 2 drawers | | | $ | 100.00 |
| 1 | Conference Room Table | | | $ | 200.00 |
| 1 | Filing Cabinet | 3 drawer tall narrow | | $ | 150.00 |
| 2 | Filing Cabinet | 4 drawer tall wide | | $ | 170.00 |
| 3 | Filing Cabinet | 5 drawer tall wide | | $ | 750.00 |
| 2 | Filing Cabinet | 2 drawer low | | $ | 200.00 |
| 8 | Chairs | | | $ | 200.00 |
| | | | Total | $ | **5,070.00** |
| | | Grand Total | | $ | **9,255.00** |

| Debtor | Houston Plate Processing, Inc. | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

---

**Part 8:** Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

☒ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 2015 GMC Sierra 3500 - 1GD411C85FF531265 | $ 17,450.00 | Kelley Blue Book | $ 17,450.00 |
| 47.2 _____ | $ _____ | _____ | $ _____ |
| 47.3 _____ | $ _____ | _____ | $ _____ |
| 47.4 _____ | $ _____ | _____ | $ _____ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 _____ | $ _____ | _____ | $ _____ |
| 48.2 _____ | $ _____ | _____ | $ _____ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 _____ | $ _____ | _____ | $ _____ |
| 49.2 _____ | $ _____ | _____ | $ _____ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| See Exhibit A | $ _____ | Market Value | $ 484,250.00 |

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87. | **$ 501,700.00** |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☒ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☒ No

☐ Yes

Case 17-30603   Document 1   Filed in TXSB on 02/02/17   Page 13 of 71

## Shop Equipment Exhibit A

| Quantity | Equipment | Make/Model (Desprition) | Serial | Value |
|---|---|---|---|---|
| **Machinery** | | | | |
| 1 | Hyster Forklift | Hyster/FG35T2L | A48A48K00203 | $ 12,000.00 |
| 1 | Faccin roll machine | Faccin/HAV-3162 | | $ 229,410.00 |
| 1 | Faccin/Biko roll machine | Faccin(Biko)/B3-3138 | | $ 68,790.00 |
| 1 | Subarc Welding Machine | | | $ 44,000.00 |
| 1 | Lincoln Electric | DL1000 480V Power Supply | U1140702279 | $ 4,500.00 |
| 1 | Edgepro Controller | Hypertherm | 713040487 | $ 40,000.00 |
| 1 | Hypertherm Power Supply | HT4001-Part of Edgepro | | $ 4,000.00 |
| 1 | Burney 10 | LCD Plus Controller | 640-493-10327 | $ 8,000.00 |
| 1 | Gantry for Burney 10 | | TNC3614P962900 | $ 7,000.00 |
| 2 | Hypertherm Power Supply | MT2000-Part of Burney 10 | | $ 20,000.00 |
| 1 | Gouging Machine | Model 8891 | D3208 | $ 5,000.00 |
| 1 | Lincoln Arc Welder Model DC-600 | | AC-866262 | $ 1,800.00 |
| 1 | Miller 440 Amp Welder | | RF768949 | $ 3,000.00 |
| | | | Total | $ 447,500.00 |
| **Misc Items** | | | | |
| 1 | Welding Cart | | | $ 60.00 |
| 1 | Miller 60 Series Wire Feeder | Miller | KE552187 | $ 700.00 |
| 1 | Mig Gun (250 amp) | | | $ 80.00 |
| 1 | Profax Mig Gun (400 amp) | Profax | | $ 120.00 |
| 3 | Hand Torch | | | $ 300.00 |
| 1 | 100' hose for hand torch | | | $ 60.00 |
| 1 | Magnet | | | $ 1,200.00 |
| 1 | Magnet (Model: BM36-battery powered, 8k lbs rated) | | | $ 5,000.00 |
| 4 | Industrial Fans with stands | | | $ 400.00 |
| 3 | Industrial Fans sit on ground | | | $ 300.00 |
| 1 | Hoses for edgepro machine | Oxygen and Nitrogen | | $ 150.00 |
| 2 | Oxyfuel track torch machine | Victor | | $ 1,600.00 |
| 1 | Plasma track torch machine | Thermal Dynamics | MX1323021506 | $ 2,000.00 |
| 8 | 6' track for burning machines | | | $ 400.00 |
| 2 | Pnumatic Air Grinder | | | $ 400.00 |
| 1 | Dewalt Electric Grinder | | | $ 80.00 |
| 1 | Dewalt Miter Saw | DW 716 | | $ 200.00 |
| 1 | Air Compressor Tanks | | | $ 12,000.00 |
| 1 | Electrical Boxes (Disconnects) | | | $ 10,000.00 |
| 2 | Chains for Lifts | 10' | | $ 1,700.00 |
| | | | Total | $ 36,750.00 |
| | | | **Grand total** | **$ 484,250.00** |

Debtor    Houston Plate Processing, Inc.
   Name

Case number (if known)_____

---

## Part 9:    Real property

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☒ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1  12255 FM 529, Houston, TX 77041 | Leasehold | $_____ | _____ | $_____ |
| 55.2 _____ | _____ | $_____ | _____ | $_____ |
| 55.3 _____ | _____ | $_____ | _____ | $_____ |
| 55.4 _____ | _____ | $_____ | _____ | $_____ |
| 55.5 _____ | _____ | $_____ | _____ | $_____ |
| 55.6 _____ | _____ | $_____ | _____ | $_____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

                       $ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☒ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☒ No

☐ Yes

---

## Part 10:    Intangibles and Intellectual Property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☒ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| 61. **Internet domain names and websites**<br>www.houstonplate.com | $ godaddy | Market | $ 0.00 |
| 62. **Licenses, franchises, and royalties**<br>_____ | $_____ | | $_____ |
| 63. **Customer lists, mailing lists, or other compilations**<br>_____ | $ 0.00 | | $ 0.00 |
| 64. **Other intangibles, or intellectual property**<br>_____ | $_____ | | $_____ |
| 65. **Goodwill**<br>_____ | $_____ | | $_____ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

                       $ 0.00

---

Debtor   Houston Plate Processing, Inc.
     Name

Case number (if known)_____

---

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

   ☒ No

   ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

   ☒ No

   ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

   ☒ No

   ☐ Yes

## Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

   Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ☐ No. Go to Part 12.

   ☒ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

   Description (include name of obligor)

   _____   _____ − _____ = → $_____
                                       Total face amount    doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

   Description (for example, federal, state, local)

   | Description | Tax year |  | Value |
   |---|---|---|---|
   | Federal Income Taxes | Tax year | 2013 | $ 0.00 |
   | Federal Income Taxes | Tax year | 2014 | $ 0.00 |
   | Federal Income Taxes | Tax year | 2015 | $ 0.00 |

73. **Interests in insurance policies or annuities**

   _____   $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

   Claim against Gas Process Equipment-Lawsuit Dismissed   $ 25,794.95

   **Nature of claim**   Claim for unpaid Invoices

   **Amount requested**   $ 25,794.95

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

   _____   $_____

   **Nature of claim**   _____

   **Amount requested_**   $_____

76. **Trusts, equitable or future interests in property**

   _____   $_____

77. **Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

   _____   $_____

   _____   $_____

78. **Total of Part 11.**

   Add lines 71 through 77. Copy the total to line 90.   $ 25,794.95

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

   ☒ No

   ☐ Yes

---

Official Form 206A/B           **Schedule A/B: Assets — Real and Personal Property**          

| Debtor | Houston Plate Processing, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $2,000.00 | |
| 81. **Deposits and prepayments.** Copy line 9, Part 2. | $0.00 | |
| 82. **Accounts receivable.** Copy line 12, Part 3. | $241,070.97 | |
| 83. **Investments.** Copy line 17, Part 4. | $0.00 | |
| 84. **Inventory.** Copy line 23, Part 5. | $337,715.01 | |
| 85. **Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | |
| 86. **Office furniture, fixtures, and equipment, and collectibles.** Copy line 43, Part 7. | $9,255.00 | |
| 87. **Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $501,700.00 | |
| 88. **Real property.** Copy line 56, Part 9. ...........................➔ | | $0.00 |
| 89. **Intangibles and intellectual property.** Copy line 66, Part 10. | $0.00 | |
| 90. **All other assets.** Copy line 78, Part 11. | + $25,794.95 | |
| 91. **Total.** Add lines 80 through 90 for each column. ..............91a. | $1,117,535.93 | + 91b. $0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ............................................ $1,117,535.93

EXHIBIT E

**Fill in this information to identify the case:**

Debtor name    Houston Plate Processing, Inc.

United States Bankruptcy Court for the:    Southern District of Texas

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

## Part 1:   List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**2.1**

Creditor's name
Cypress-Fairbanks ISD

Describe debtor's property that is subject to a lien
Business personal property taxes owed    $ 2,031.00    $ Unknown

Creditor's mailing address
10494 Jones Road, Suite 106
Houston, TX 77065

Describe the lien
_____

Creditor's email address, if known
_____

Is the creditor an insider or related party?
☒ No
☐ Yes

Date debt was incurred   2015-2016

Is anyone else liable on this claim?
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

Last 4 digits of account number   9 3 6 1

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Do multiple creditors have an interest in the same property?
☐ No
☒ Yes. Specify each creditor, including this creditor, and its relative priority.
   1:Cypress-Fairbanks ISD;
   2:Cypress-Fairbanks ISD

**2.2**

Creditor's name
Cypress-Fairbanks ISD

Describe debtor's property that is subject to a lien
Business personal property taxes owed    $ 25,517.66    $ Unknown

Creditor's mailing address
10494 Jones Road, Suite 106
Houston, TX 77065

Describe the lien
_____

Creditor's email address, if known
_____

Is the creditor an insider or related party?
☒ No
☐ Yes

Date debt was incurred   2014-2016

Is anyone else liable on this claim?
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

Last 4 digits of account number   4 2 0 3

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Do multiple creditors have an interest in the same property?
☐ No
☒ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   _____
   _____
   ☒ Yes. The relative priority of creditors is specified on lines 2.1

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $ 391,627.05

| Debtor | Houston Plate Processing, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

| | | Column A | Column B |
|---|---|---|---|
| **Part 1:** | **Additional Page** | **Amount of claim**<br>Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

---

### 2.3

**Creditor's name**

Harris County, et al (John P. Dillman)

**Creditor's mailing address**

P.O. Box 3064

Houston, TX 77253

**Creditor's email address, if known**

_____

**Date debt was incurred** 10/16-2017

**Last 4 digits of account number** 9 3 6 1

**Do multiple creditors have an interest in the same property?**

☐ No

☒ Yes. Have you already specified the relative priority?

  ☒ No. Specify each creditor, including this creditor, and its relative priority.
    1:Harris County, et al (John P. Dillman); 2:Harris County, et al (John P. Dillman)

  ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

Business person property taxes owed

_____

**Describe the lien**

_____

**Is the creditor an insider or related party?**

☒ No

☐ Yes

**Is anyone else liable on this claim?**

☒ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

Column A: $4,070.19

Column B: $Unknown

---

### 2.4

**Creditor's name**

Harris County, et al (John P. Dillman)

**Creditor's mailing address**

P.O. Box 3064

Houston, TX 77253

**Creditor's email address, if known**

_____

**Date debt was incurred** 2015/16

**Last 4 digits of account number** 4 2 0 3

**Do multiple creditors have an interest in the same property?**

☐ No

☒ Yes. Have you already specified the relative priority?

  ☐ No. Specify each creditor, including this creditor, and its relative priority.

  ☒ Yes. The relative priority of creditors is specified on lines 2.3

**Describe debtor's property that is subject to a lien**

Business person property taxes owed

_____

**Describe the lien**

_____

**Is the creditor an insider or related party?**

☒ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

Column A: $11,653.63

Column B: $ Unknown

---

| Debtor | Houston Plate Processing, Inc. | Case number (if known) _____ |
|---|---|---|
| | Name | |

| | | Column A | Column B |
|---|---|---|---|

**Part 1:** Additional Page

Column A — Amount of claim — Do not deduct the value of collateral.

Column B — Value of collateral that supports this claim

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

---

**2.5**

**Creditor's name**

Hilti, Inc.

**Creditor's mailing address**

5400 South 122nd East Avenue
Tulsa, OK 74146

**Creditor's email address, if known**

_____

**Date debt was incurred** 12/2016

**Last 4 digits of account number** 5 6 6 3

**Do multiple creditors have an interest in the same property?**

☒ No
☐ Yes. Have you already specified the relative priority?

  ☐ No. Specify each creditor, including this creditor, and its relative priority.
  _____
  _____
  _____

  ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

Lease of equipment

**Describe the lien**

_____

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Is anyone else liable on this claim?**

☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

$ 454.00     $ Unknown

---

**2.6**

**Creditor's name**

Navistas Credit Corp.

**Creditor's mailing address**

P.O. Box 935204
Atlanta, GA 31193

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account number** 0 2 8 2

**Do multiple creditors have an interest in the same property?**

☒ No
☐ Yes. Have you already specified the relative priority?

  ☐ No. Specify each creditor, including this creditor, and its relative priority.
  _____
  _____
  _____

  ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

Lease of forklift - SURRENDERING

**Describe the lien**

_____

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Is anyone else liable on this claim?**

☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

$ 8,802.80     $ Unknown

---

Debtor   Houston Plate Processing, Inc.
         Name

Case number (if known)_____

| | Column A | Column B |
|---|---|---|
| **Part 1:** Additional Page | **Amount of claim** Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

---

**2.7** Creditor's name

Northwoods Management

**Describe debtor's property that is subject to a lien**

Property taxes

Column A: $13,069.27   Column B: $Unknown

**Creditor's mailing address**

12121 FM 529
Houston, TX 77041

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Date debt was incurred** 2016

**Last 4 digits of account number** 0 0 2 3

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Have you already specified the relative priority?

☐ No. Specify each creditor, including this creditor, and its relative priority.

_____
_____
_____

☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

**2.8** Creditor's name

Texas Development Company (R. Krell)

**Describe debtor's property that is subject to a lien**

Business lease space

Column A: $115,000.00   Column B: $Unknown

**Creditor's mailing address**

1600 Smith Street, Suite 3885
Houston, TX 77002

**Describe the lien**

**Creditor's email address, if known**

Ttc@Northwoods.com

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Date debt was incurred** 10/1/2016

**Last 4 digits of account number** ___ ___ ___ ___

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Have you already specified the relative priority?

☐ No. Specify each creditor, including this creditor, and its relative priority.

_____
_____
_____

☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

Debtor  Houston Plate Processing, Inc.
Name

Case number *(if known)*_____

| Part 1: | Additional Page | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2.9** Creditor's name

Texas Welding Supply Co., Inc./Praxair

**Creditor's mailing address**

1585 Sawdust Road, Suite 300
Spring, TX 77380

**Creditor's email address, if known**

_____

Date debt was incurred   1/12/16
Last 4 digits of account number   1 0 2 5

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   _____
   _____
   _____
   ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

Product Supply & Equipment Rental Agreement
- Tank Rental - Amount of Claim is per month
_____

**Describe the lien**
_____

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$ 1,028.50    $ Unknown

**2.10** Creditor's name

Working Ox Capital, LLC

**Creditor's mailing address**

907 U.S. Hwy. 301 South
Tampa, FL 33619

**Creditor's email address, if known**

_____

Date debt was incurred   _____
Last 4 digits of account number   ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   _____
   _____
   _____
   ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

Equipment Lease
_____

**Describe the lien**
_____

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$ 210,000.00    $ Unknown

Debtor   Houston Plate Processing, Inc.
_____
Name

Case number *(if known)*_____

---

**Part 2:**   **List Others to Be Notified for a Debt Already Listed in Part 1**

---

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Cypress-Fairbanks ISD<br>P.O. Box 203908<br>Houston, TX 77216 | Line 2. 1 | 9 3 6 1 |
| Cypress-Fairbanks ISD<br>P.O. Box 203908<br>Houston, TX 77216 | Line 2. 2 | 4 2 0 3 |
| Harris County, et al<br>P.O. Box 3547<br>Houston, TX 77253 | Line 2. 3 | 9 3 6 1 |
| Harris County, et al<br>P.O. Box 3547<br>Houston, TX 77253 | Line 2. 4 | 4 2 0 3 |
| Navistas Credit Corp.<br>111 Executive Center Drive, Suite 102<br>Columbia, SC 29210 | Line 2. 6 | 0 2 8 2 |
| Texas Development Company<br>12121 FM 529<br>Houston, TX 77041 | Line 2. 8 | ___ ___ ___ ___ |
| TWSCO/Praxair Distribution, Inc.<br>6455 Chimney Rock Road<br>Houston, TX 77081 | Line 2. 9 | 1 0 2 5 |
| TWSCO/Praxair Distribution, Inc.<br>5515 West Richey Road<br>Houston, TX 77066 | Line 2. 9 | 1 0 2 5 |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |

**Fill in this information to identify the case:**

Debtor _____Houston Plate Processing, Inc._____

United States Bankruptcy Court for the: _____Southern District of Texas_____

Case number _____
(if known)

☐ Check if this is an
   amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY
unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts
on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B*)* and on *Schedule G: Executory Contracts and Unexpired Leases*
(Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach
the Additional Page of that Part included in this form.

## Part 1:   List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
    ☐ No. Go to Part 2.
    ☒ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than
    3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
|---|---|---|---|

**2.1** Priority creditor's name and mailing address
Texas Workforce Commission (Office of AG)

_____P.O. Box 12548_____

_____Austin, TX 78711_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account
number**    _0_ _1_ _8_ _2_

**Specify Code subsection of PRIORITY unsecured
claim:** 11 U.S.C. § 507(a) (_8_)

As of the petition filing date, the claim is:  $ __Unknown__     $ __Unknown__
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
___Taxes and Other Government____
Debts

**Is the claim subject to offset?**
☒ No
☐ Yes

---

**2.2** Priority creditor's name and mailing address

_____

_____

_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account
number**    ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured
claim:** 11 U.S.C. § 507(a) (_____)

As of the petition filing date, the claim is:  $ _____     $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**2.3** Priority creditor's name and mailing address

_____

_____

_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account
number**    ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured
claim:** 11 U.S.C. § 507(a) (_____)

As of the petition filing date, the claim is:  $ _____     $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☐ No
☐ Yes

---

| Debtor | Houston Plate Processing, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

## Part 2:  List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 4 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

**3.1**

Nonpriority creditor's name and mailing address
A & B Crane Services, LLC

13601 FM 529 Road, Suite C
Houston, TX 77041

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Business debt

$ 2,830.90

Date or dates debt was incurred    1/23/2017
Last 4 digits of account number    4  3  H  T

Is the claim subject to offset?
☒ No
☐ Yes

---

**3.2**

Nonpriority creditor's name and mailing address
AAA Flame Cut Steel, LLC

P.O. Box 924947
Houston, TX 77292

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Business debt

$ 3,085.00

Date or dates debt was incurred    9/15/2016
Last 4 digits of account number    2  2  1  5

Is the claim subject to offset?
☒ No
☐ Yes

---

**3.3**

Nonpriority creditor's name and mailing address
Air Compressor Technologies

P.O. Box 925187
Houston, TX 77292

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  _____

$ 453.57

Date or dates debt was incurred    11/22/2016
Last 4 digits of account number    6  2  2  3

Is the claim subject to offset?
☒ No
☐ Yes

---

**3.4**

Nonpriority creditor's name and mailing address
American Alloy

P.O. Box 40469
Houston, TX 77240

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Business debt

$ 89,897.38

Date or dates debt was incurred    12/2016
Last 4 digits of account number    1  0  2  4

Is the claim subject to offset?
☒ No
☐ Yes

---

**3.5**

Nonpriority creditor's name and mailing address
Arca Funding/Midtown/Strategic Funding

1222 Avenue M, Suite 406
Brooklyn, NY 11230

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  _____

$ 293,140.00

Date or dates debt was incurred    _____
Last 4 digits of account number    __  __  __  __

Is the claim subject to offset?
☒ No
☐ Yes

---

**3.6**

Nonpriority creditor's name and mailing address
Best Networking Services, Inc.

1147 Brittmoore Road, Suite 4
Houston, TX 77043

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Business debt

$ 21,569.08

Date or dates debt was incurred    6/2/2016
Last 4 digits of account number    8  1  5  3

Is the claim subject to offset?
☒ No
☐ Yes

---

Debtor  Houston Plate Processing, Inc.
Name

Case number (if known) _____

## Part 2: Additional Page

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

**Amount of claim**

---

**3.7** Nonpriority creditor's name and mailing address

Briggs Equipment

10540 N Stemmons Freeway
Dallas, TX 75220

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: Business debt

Date or dates debt was incurred    12/1/2016

Last 4 digits of account number    8  9  3  6

Is the claim subject to offset?
☒ No
☐ Yes

$ 1,474.82

---

**3.8** Nonpriority creditor's name and mailing address

Chapel Steel Corporation

6605 N. Houston Rosslyn Road
Houston, TX 77091

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred    2016

Last 4 digits of account number    5  2  6  6

Is the claim subject to offset?
☒ No
☐ Yes

$ 57,337.13

---

**3.9** Nonpriority creditor's name and mailing address

Corporation Service Company, as Representative

P.O. Box 2576
Springfield, IL 62708

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred    _____

Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☒ No
☐ Yes

$ Unknown

---

**3.10** Nonpriority creditor's name and mailing address

Cyclone Steel

4950 W. Greens Road
Houston, TX 77066

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business Debt

Date or dates debt was incurred    9-10, 2016

Last 4 digits of account number    0  9  9  1

Is the claim subject to offset?
☒ No
☐ Yes

$ 19,542.98

---

**3.11** Nonpriority creditor's name and mailing address

Delta Steel, Inc.

7355 Roundhouse Lane
Houston, TX 77078

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred    2016

Last 4 digits of account number    5  6  6  9

Is the claim subject to offset?
☒ No
☐ Yes

$ 22,906.97

---

Debtor  Houston Plate Processing, Inc.
Name

Case number (if known)

## Part 2: Additional Page

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

**Amount of claim**

---

**3.12** Nonpriority creditor's name and mailing address

Diamond G

11050 West Little York, Bldg. G

Houston, TX 77041

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: Business debt

Date or dates debt was incurred    2016
Last 4 digits of account number    5 0 8 6

Is the claim subject to offset?
☒ No
☐ Yes

$ 17,193.56

---

**3.13** Nonpriority creditor's name and mailing address

Dun & Bradstreet

P.O. Box 75434

Chicago, IL 60675

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred    10/1/2016
Last 4 digits of account number    8 9 0 1

Is the claim subject to offset?
☒ No
☐ Yes

$ 1,119.30

---

**3.14** Nonpriority creditor's name and mailing address

Eldred Sheet Metal Works, L.P.

P.O. Box 8725

Houston, TX 77249

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred    7/2016
Last 4 digits of account number    2 5 2 2

Is the claim subject to offset?
☒ No
☐ Yes

$ 725.00

---

**3.15** Nonpriority creditor's name and mailing address

EMT Expedited Logistics, Inc.

15821 FM 529 Road, #170

Houston, TX 77095

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred    11-12-2016
Last 4 digits of account number    0 4 2 8

Is the claim subject to offset?
☒ No
☐ Yes

$ 2,518.56

---

**3.16** Nonpriority creditor's name and mailing address

Estate of Vincent J. Vare (Jeff Carruth)

3030 Matlock Road, Suite 201

Arlington, TX 76015

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☒ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred
Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☒ No
☐ Yes

$ 746,677.49

---

Official Form 206E/F          Schedule E/F: Creditors Who Have Unsecured Claims          page 4 of 13

| Debtor | Houston Plate Processing, Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

## Part 2: Additional Page

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

**Amount of claim**

**3.17** Nonpriority creditor's name and mailing address

FedEx Freight

P.O. Box 10306, Dept. CH
Houston, TX 77206

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: Business debt

$ 1,023.62

Date or dates debt was incurred     10-12/2016
Last 4 digits of account number     3  6  0  6

Is the claim subject to offset?
☒ No
☐ Yes

**3.18** Nonpriority creditor's name and mailing address

First Choice Brokerage, Inc.

P.O. Box 96186
Houston, TX 77213

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

$ 1,490.00

Date or dates debt was incurred     8-11, 2016
Last 4 digits of account number     0  2  1  7

Is the claim subject to offset?
☒ No
☐ Yes

**3.19** Nonpriority creditor's name and mailing address

Forklifts & Tires

14503 Sommermeyer Street
Houston, TX 77041

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

$ 7,910.83

Date or dates debt was incurred     10-11,2016
Last 4 digits of account number     8  3  8  1

Is the claim subject to offset?
☒ No
☐ Yes

**3.20** Nonpriority creditor's name and mailing address

Grainger

P.O. Box 419267, Dept. 884159054
Kansas City, MO 64141

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

$ 871.41

Date or dates debt was incurred     9/2/2016
Last 4 digits of account number     6  5  9  9

Is the claim subject to offset?
☒ No
☐ Yes

**3.21** Nonpriority creditor's name and mailing address

IHS

15 Inverness Way East
Englewood, CO 80112

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

$ 1,155.69

Date or dates debt was incurred     7/20/2016
Last 4 digits of account number     1  0  0  1

Is the claim subject to offset?
☒ No
☐ Yes

Debtor    Houston Plate Processing, Inc.
    Name

Case number *(if known)*

| Part 2: | Additional Page |
| --- | --- |

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
| --- | --- |

**3.22** Nonpriority creditor's name and mailing address

JackRabbit Steel Products

9009 Jackrabbit Road

Houston, TX 77095

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: Business debt

Date or dates debt was incurred   3-12,2016

Last 4 digits of account number   1 0 2 6

Is the claim subject to offset?
☒ No
☐ Yes

$ 29,309.00

---

**3.23** Nonpriority creditor's name and mailing address

Jacquet Houston, Inc.

6707 Willow Brook Park

Houston, TX 77066

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred   2-3/2016

Last 4 digits of account number   8 1 8 5

Is the claim subject to offset?
☒ No
☐ Yes

$ 6,069.00

---

**3.24** Nonpriority creditor's name and mailing address

Jeremiah E. Thompson

1726 Mayweather Lane

Richmond, TX 77406

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred   _____

Last 4 digits of account number   __ __ __ __

Is the claim subject to offset?
☒ No
☐ Yes

$ 48,002.00

---

**3.25** Nonpriority creditor's name and mailing address

Kimzey Software Solutions

230 N 1680 E Bldg. S

St. George, UT 84790

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred   4/1/16

Last 4 digits of account number   0 6 8 9

Is the claim subject to offset?
☐ No
☐ Yes

$ 2,480.00

---

**3.26** Nonpriority creditor's name and mailing address

Leo Daian

12107 Via Porta Rosa

Cypress, TX 77429

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred   _____

Last 4 digits of account number   __ __ __ __

Is the claim subject to offset?
☒ No
☐ Yes

$ 18,338.98

---

| Debtor | Houston Plate Processing, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

## Part 2: Additional Page

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

**Amount of claim**

**3.27** Nonpriority creditor's name and mailing address
Mason Dixon Supply, Inc.
7102 Meadow Hawk Court
Houston, TX 77041

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: Business debt

Date or dates debt was incurred 8-12/16
Last 4 digits of account number 7 8 7 2

Is the claim subject to offset?
☒ No
☐ Yes

$ 10,359.32

**3.28** Nonpriority creditor's name and mailing address
McCune Electrical Services, LLC
6817 Flintlock, Suite D
Houston, TX 77040

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred 11/11/16
Last 4 digits of account number 1 3 8 6

Is the claim subject to offset?
☒ No
☐ Yes

$ 1,840.25

**3.29** Nonpriority creditor's name and mailing address
Momentum Freight Services
P.O. Box 24806
Houston, TX 77229

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred 8-11/16
Last 4 digits of account number 5 3 5 0

Is the claim subject to offset?
☒ No
☐ Yes

$ 7,525.00

**3.30** Nonpriority creditor's name and mailing address
NDT - PRO Services
6529 Cunningham Road, Suite 2001
Houston, TX 77041

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred 6/23/2016
Last 4 digits of account number 1 1 6 0

Is the claim subject to offset?
☒ No
☐ Yes

$ 300.00

**3.31** Nonpriority creditor's name and mailing address
Oiler Transport
16735 Innisbrook Drive
Houston, TX 77095

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred 6/23/2016
Last 4 digits of account number 6 H H P

Is the claim subject to offset?
☒ No
☐ Yes

$ 8,350.00

| Debtor | Houston Plate Processing, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

Case 17-30693 Document 96 Filed in TXSB on 01/05/18 Page 60 of 65

| **Part 2:** | **Additional Page** |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | **Amount of claim** |
|---|---|

**3.32** Nonpriority creditor's name and mailing address

Ourco Supply Corporation

7413 Breen Road
Houston, TX 77086

Date or dates debt was incurred    6/2016
Last 4 digits of account number    1 7 2 1

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: Business debt

Is the claim subject to offset?
☒ No
☐ Yes

$ 2,749.10

---

**3.33** Nonpriority creditor's name and mailing address

Patriot Freight Group, LLC

139 Cypresswood Drive, #202
Spring , TX 77388

Date or dates debt was incurred    10-12/2016
Last 4 digits of account number    2 5 1 1

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Is the claim subject to offset?
☒ No
☐ Yes

$ 3,160.00

---

**3.34** Nonpriority creditor's name and mailing address

Pendulum Finance

548 Market Street, #35697
San Francisco, CA 94104

Date or dates debt was incurred
Last 4 digits of account number    __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Is the claim subject to offset?
☒ No
☐ Yes

$ Unknown

---

**3.35** Nonpriority creditor's name and mailing address

Precise Steel

909 Marcella Street
Houston, TX 77091

Date or dates debt was incurred    9-10/2016
Last 4 digits of account number    3 0 9 0

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Is the claim subject to offset?
☒ No
☐ Yes

$ 39,869.92

---

**3.36** Nonpriority creditor's name and mailing address

Professional Welding Supply

P.O. Box 19811
Houston, TX 77224

Date or dates debt was incurred    9-12/2016
Last 4 digits of account number    8 9 5 2

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Is the claim subject to offset?
☒ No
☐ Yes

$ 14,096.30

---

| Debtor | Houston Plate Processing, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

| | Amount of claim |
|---|---|
| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | |

**3.37** Nonpriority creditor's name and mailing address

Proserv Crane Group

P.O. Box 670965
Houston, TX 77267

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: Business debt

Date or dates debt was incurred   10-11/2016
Last 4 digits of account number   3  5  2  9

Is the claim subject to offset?
☒ No
☐ Yes

$ 2,555.00

---

**3.38** Nonpriority creditor's name and mailing address

QuarterSpot Funding

2751 Prosperity Avenue, Suite 330
Fairfax, VA 22031

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: 2 Loans

Date or dates debt was incurred   2&3/16
Last 4 digits of account number   3  2  7  0

Is the claim subject to offset?
☒ No
☐ Yes

$ 42,043.35

---

**3.39** Nonpriority creditor's name and mailing address

Ranger Steel

9640 Clinton Drive
Houston, TX 77029

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred   7-8/2016
Last 4 digits of account number   9  3  1  0

Is the claim subject to offset?
☒ No
☐ Yes

$ 117,311.78

---

**3.40** Nonpriority creditor's name and mailing address

Russell Logistics, LLC

12245 FM 529 Road, Suite C
Houston, TX 77041

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred   8-12/2016
Last 4 digits of account number   9  2  2  8

Is the claim subject to offset?
☒ No
☐ Yes

$ 17,542.00

---

**3.41** Nonpriority creditor's name and mailing address

Sigmatek Systems International

1445 Kempere Meadow Drive
Cincinnati, OH 45240

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Date or dates debt was incurred   3/9/2016
Last 4 digits of account number   4  1  8  1

Is the claim subject to offset?
☒ No
☐ Yes

$ 3,456.00

---

| Debtor | Houston Plate Processing, Inc. | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

## Part 2: Additional Page

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.42** Nonpriority creditor's name and mailing address

Staples

P.O. Box 689020, Dept. 51-7862437158
Des Moines, IA 50368

Date or dates debt was incurred   10-11/2016
Last 4 digits of account number   3 7 1 5

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: Business debt

Is the claim subject to offset?
☒ No
☐ Yes

$ 395.29

---

**3.43** Nonpriority creditor's name and mailing address

Superior Supply

5450 NW Central Drive, Suite 200
Houston, TX 77092

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☒ No
☐ Yes

$ 158,724.65

---

**3.44** Nonpriority creditor's name and mailing address

Triple S Steel Holdings, Inc.

P.O. Box 21119
Houston, TX 77226

Date or dates debt was incurred   10-12/2016
Last 4 digits of account number   9 2 7 0

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Bussiness debt

Is the claim subject to offset?
☒ No
☐ Yes

$ 77,297.28

---

**3.45** Nonpriority creditor's name and mailing address

Veracity Technical Services

P.O. Box 471288
Tulsa, OK 74147

Date or dates debt was incurred   5-11/2016
Last 4 digits of account number   1 1 6 7

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Business debt

Is the claim subject to offset?
☒ No
☐ Yes

$ 10,400.86

---

**3.46** Nonpriority creditor's name and mailing address

_____
_____
_____
_____

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☐ No
☐ Yes

$ _____

---

| Debtor | Houston Plate Processing, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1. | Texas Workforce Commission<br>P.O. Box 149037<br>Austin, TX 78714 | Line 2.1<br>☐ Not listed. Explain _____ | 0 1 8 2 |
| 4.2. | Texas Workforce Commission<br>19221 I-45 S., Suite 120<br>Shenandoah, TX 77385 | Line 2.1<br>☐ Not listed. Explain _____ | 0 1 8 2 |
| 4.3. | AAA Flame Cut Steel, LLC<br>1015 Judiway Street<br>Houston, TX 77018 | Line 3.2<br>☐ Not listed. Explain _____ | 2 2 1 5 |
| 4.4. | Air Compressor Technologies<br>3510 Oak Forest Drive<br>Houston, TX 77018 | Line 3.3<br>☐ Not listed. Explain _____ | 6 2 2 3 |
| 4.5. | American Alloy<br>6230 North Houston-Rosslyn Road<br>Houston, TX 77091 | Line 3.4<br>☐ Not listed. Explain _____ | 1 0 2 4 |
| 4.6. | Arca Funding/Midtown/Strategic Funding<br>2500 Discovery Blvd.<br>Rockwall, TX 75032 | Line 3.5<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.7. | Chapel Steel Corporation<br>590 North Bethleham Pike<br>Maple Glen, PA 19002 | Line 3.8<br>☐ Not listed. Explain _____ | 5 2 6 6 |
| 4.8. | Estate of Vincent J. Vare (M. Gasiorowski)<br>1400 Summit Tower, 11 Greenway Plaza<br>Houston, TX 77046 | Line 3.16<br>☐ Not listed. Explain _____ | |
| 4.9. | Grainger<br>4300 Old Airways Blvd.<br>Southaven, MS 38671 | Line 3.20<br>☐ Not listed. Explain _____ | 6 5 9 9 |
| 4.10. | Kimzey Software Solutions<br>55 N. 300 W., Suite C<br>St. George, UT 84770 | Line 3.25<br>☐ Not listed. Explain _____ | 0 6 8 9 |
| 4.11. | Ourco Supply Corporation<br>P.O. Box 40937<br>Houston, TX 77240 | Line 3.32<br>☐ Not listed. Explain _____ | 1 7 2 1 |
| 4.12. | QuaraterSpot Funding<br>333 7th Avenue, Suite 1402<br>New York, NY 10001 | Line 3.38<br>☐ Not listed. Explain _____ | 3 2 7 0 |

---

| Debtor | Houston Plate Processing, Inc. | | | Case number (if known) | |
|---|---|---|---|---|---|
| | Name | | | | |

| Part 3: | Additional Page for Others to Be Notified About Unsecured Claims |
|---|---|

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.13 | Ranger Steel<br>1225 N. Loop W., Suite 650<br>Houston, TX 77008 | Line 3.39<br>☐ Not listed. Explain _____ | 9 3 1 0 |
| 4.14 | Ranger Steel<br>P.O. Box 4346, Dept. 451<br>Houston, TX 77210 | Line 3.39<br>☐ Not listed. Explain _____ | 9 3 1 0 |
| 4.15 | Triple S Steel Holdings, Inc.<br>6000 Jensen Drive<br>Houston, TX 77026 | Line 3.44<br>☐ Not listed. Explain _____ | 9 2 7 0 |
| 4.16 | Triple S Steel Holdings, Inc.<br>11310 W. Little York Road<br>Houston, TX 77041 | Line 3.44<br>☐ Not listed. Explain _____ | 9 2 7 0 |
| 4.17 | Veracity Technical Services<br>P.O. Box 667<br>Kellyville, OK 74039 | Line 3.45<br>☐ Not listed. Explain _____ | 1 1 6 7 |
| 4.18 | | Line ____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.19 | | Line ____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.20 | | Line ____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.21 | | Line ____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.22 | | Line ____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.23 | | Line ____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.24 | | Line ____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.25 | | Line ____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.26 | | Line ____<br>☐ Not listed. Explain _____ | __ __ __ __ |

Debtor   Houston Plate Processing, Inc.                                    Case number *(if known)*_____
         Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5.  Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a.  **Total claims from Part 1** | 5a. | $ 0.00 |
| 5b.  **Total claims from Part 2** | 5b. **+** | $ 1,915,098.37 |
| 5c.  **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 1,915,098.37 |